Champlin *v.* Parish.

---

## Champlin and Jones *vs.* Parish.

The statute of frauds does not alter the rules of pleading; and if the complainant states in his bill the making of a contract, without alleging that it was by parol, the court will presume that the contract was in writing, and duly executed, where the nature of the contract is such that it would not be valid unless it was in writing.

And where the agreement stated in the bill is denied, by the answer of the defendant, the complainant must prove such an agreement as would be valid within the statute of frauds; although nothing is said in the answer on that subject.

But where the making of the agreement is admitted by the answer, the defendant must insist, in his answer, that it was not in writing, and therefore was not binding upon him.

Under the provisions of the revised statutes, a contract for the sale of lands is not binding upon either party, unless the agreement is in writing, and is subscribed by the party by whom *the sale is made,* or by his agent duly authorized. And

Champlin v. Parish.

it is not sufficient to charge the vendee, upon such a contract, that the agreement is duly subscribed by him, or his agent.

It is also necessary, in order to make such an agreement valid and binding upon either of the parties, that it should be actually *subscribed* by the vendor, or by his authorized agent.

A mere memorandum of the agreement, in the hand-writing of the vendor, or of his agent, containing the names of the parties and the terms and conditions of the sale, &c. but not subscribed with the name of the vendor, or of his agent, is not sufficient, under the provisions of the revised statutes.

The revised statutes do not require a written authority from the vendor, to his agent, to enable the latter to make an executory contract for the sale of lands; but the agreement itself must be in writing, and subscribed by such agent.

The provision of the revised statutes, declaring that an auctioneer's memorandum, entered in his sale book, in a particular form, at the time of the sale, shall be deemed a note of the contract of sale, applies only to sales of goods; and not to sales of real estate.

If an auctioneer is to be considered as the agent of both parties, upon a sale of lands at auction, still he must reduce the contract to writing, at the time of the sale, and must *subscribe* it, as the lawfully authorized agent of the parties, or at least as the agent of the vendor; in order to render it a valid contract of sale, under the provisions of the revised statutes.

THIS case came before the chancellor upon appeal, from the decree of the late assistant vice chancellor of the first circuit. The facts were the same as in the case of *Champlin & Jones* v. *Haight & Herring*, as reported in 10 *Paige's Rep.* 274, except that the terms and conditions of the sale were not reduced to writing, and signed by the parties; which in that case the answer of the defendant Haight admitted had been done. The same decree, however, was made by the assistant vice chancellor in this case, as in that. The defendant Parish appealed from the whole decree; and the complainants appealed from such provisions of it as were contained in the similar decree in the case of *Champlin* v. *Haight*, and as were appealed from in that case.

*H. W. Warner*, for the complainants.

*A. M. Sherman & J. Rhoades*, for the defendant.

THE CHANCELLOR. The questions which arose and were considered by this court, in the case of these complainants against Haight and Henry, having been settled by the court for the correction of errors, upon appeal from my decision in that case, they are not open for examination here. And if no other questions were presented by the pleadings and proofs in the present case, it would be the duty of this court to make a decree in conformity with the decision of the court of dernier resort. In that case there was no difference of opinion, between this court and the court for the correction of errors, as to the construction 'of the will of Elizabeth De Peyster, or as to the law. But that court decided that there was not sufficient evidence of an intention, on the part of the trustees, to divide the proceeds of the sale before the time appointed by the will of the testatrix; or to divide such proceeds in violation of the trust. The result of that decision necessarily was, that the defence there wholly failed; and that the complainants were entitled to the usual decree for the specific performance of the contract which had been made and signed by the parties, in that case, by their agents duly authorized. In the present case a different state of facts was presented, for the consideration of the assistant vice chancellor; some of which facts appear to have been entirely overlooked by him in his decision.

Several formal objections to the complainants' bill were raised by demurrer. But as the demurrer was disallowed by the court, upon the ground that it was overruled by the answer which accompanied the same, the assistant vice chancellor, very properly, decided that those formal objections, which were not raised in the answer, could not avail the defendant upon the hearing of the cause on the pleadings and proofs; and that the demurrer, which had been disallowed upon the argument thereof, must be considered as stricken out of the record.

The question as to the validity of the contract, for the sale of the premises in question, under the statute of frauds, was raised in this case by the bill, answer, and replication. And the complainants wholly failed in proving a contract, for the sale of the premises, which was legally binding upon either of the par-

ties to this suit. It is settled that the statute of frauds does not alter the rules of pleading. And if the complainant, in his bill, states the making of a contract, without alleging that it was by parol, the court will presume that it was in writing, and duly executed; where the nature of the agreement is such that it could not be valid unless it was in writing. Where the agreement stated in the bill is denied, by the answer of the defendant, the complainant must prove such an agreement as will be valid within the statute of frauds; although nothing is said in the answer on that subject. But if the making of the agreement is admitted by the answer, the defendant, in such answer, must insist that it was not in writing, and therefore not binding upon him. (*Cozine* v. *Graham*, 2 *Paige's Rep.* 181. *Ontario Bank* v. *Root*, 3 *Id.* 478. *Talbot* v. *Brown*, 1 *A. K. Marsh. Rep.* 437. *Welf. Eq. Pl.* 327. *Story's Eq. Pl.* 590, § 763. *Harris* v. *Knickerbacker*, 5 *Wend. Rep.* 638.)

Here the bill charges that the property was put up for sale, at public auction, by the complainants, and that the defendant at such sale became the highest bidder for, *and the purchaser of* six several lots, (describing them;) which lots were struck off to him at the said sale; that at the time and place of sale he entered into a contract of purchase, with the complainants, as to each and every of these lots; and that a note or memorandum of such contract was thereupon made and *subscribed* by W. H. Franklin, the auctioneer, and the lawfully authorized agent of the defendant for making the said note or memorandum in writing, stating the consideration, or purchase money, for which the several lots were sold to the defendant and purchased by him, and which written note or memorandum, was as follows, &c. as by the said note or memorandum in possession of the said W. H. Franklin would appear, upon production and proof thereof; and to which, for greater certainty, the complainants referred. The defendant by his answer, however, does not admit the making of the contract, as stated in the bill, or that he became the purchaser. It is true he admits that the lots were put up and offered for sale by the complainants, and that he bid thereon the several sums or prices mentioned in

Champlin v. Parish.

the bill, *upon the terms, conditions, and promises set forth in the answer ;* and that the several lots were struck down to him. But he expressly denies that he thereby became the purchaser of the said lots. He further states that he has not seen any note or memorandum of such sale, or of any contract relative thereto, subscribed by the said W. H. Franklin ; nor has he any knowledge or information that any note or memorandum was made and subscribed by the said William H. Franklin, as the agent of the defendant, *or otherwise,* except what he derives from the bill in this cause. And he therefore prays that the complainants may be left to prove the same. He also denies that the terms and conditions of the sale, as stated and set forth to him and other persons attending the sale, are truly or fully set forth in the complainants' bill. He likewise states several other terms, or conditions, upon which the property was put up and offered for sale, which it is not necessary for me to advert to here. He then makes a general denial, in his answer, that he by himself or by any lawfully authorized agent, proposed, offered, agreed, or assented, by any contract, or written or printed memorandum, to purchase the lots upon any other terms and conditions than those stated in his answer ; and concludes with a general denial and traverse of every allegation in the bill which is not admitted by his answer.

From this statement of the pleadings, it is perfectly evident that the defendant has not admitted the making of any agreement, with the complainants, for the purchase of the premises in controversy, which is valid and binding within the statute of frauds. Nor has he admitted the making of any verbal or parol agreement with them, of the tenor and effect stated in the bill. And the proof, introduced by the complainants, shows that no agreement in writing, nor any note or memorandum of an agreement, was ever made and signed by either of these parties, or by the auctioneer as their agent, so as to constitute a written agreement which could be binding upon either. It only appears, by the auctioneer's memorandum, that certain real estate, which was once the property of Elizabeth De Peyster, was put up and sold by some one, at the Merchants' Exchange; and that six several lots were

bid off by a person by the name of Parish, at the prices mentioned in the complainants' bill. But the names of the complainants no where appear in the memorandum, as vendors or otherwise; nor is there any such reference to them as to indicate who were in fact the vendors on such sale, or by whom the conveyance of the premises was to be made. (*See Anderson* v. *Harold*, 10 *Ohio Rep.* 399.)

Under the former statute of frauds it was only necessary, to the validity of an executory contract for the sale of lands, that it should be in writing, and signed by the party sought to be charged, or by his agent duly authorized. And it was not necessary, in a suit brought against such party, to prove that the contract was so executed, as to be binding upon both parties; as a written agreement, within the statute. Nor was it necessary that the name of the party sought to be charged, or that of his agent, should be actually *subscribed* to the agreement. (*Clason* v. *Bailey*,. 14 *John. Rep.* 484. *McCrea* v. *Purmort*, 16 *Wend. Rep.* 460.) The revised statutes, however, changed the law upon this subject very materially. Those statutes declare that every contract, for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be *void;* unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, and is *subscribed* by the party by whom the *lease or sale* is to be made. (2 *R. S.* 135, § 8.) But every instrument required to be subscribed by any party, under that provision, may be subscribed by the agent of such party, lawfully authorized. (*Idem*, § 9.) Under these provisions of the revised statutes, the court for the correction of errors has decided that a contract for the sale of lands is not binding upon either party, unless the agreement is in writing, and is subscribed by the party by whom such sale is to be made, or by his agent duly authorized; and that it is not sufficient to charge the vendee, upon such a contract, that the agreement is duly subscribed by him, or by his agent. (*Townsend* v. *Hubbard*, 4 *Hill's Rep.* 351.) It is also necessary, in order to make such an agreement valid and binding upon either of the parties, that the agreement should be actually *subscribed* by the vendor, or

by his authorized agent. And a mere memorandum of the agreement, in the hand-writing of the vendor, or of his agent, con taining the names of the parties and the terms and conditions of the sale, &c., but without being *subscribed* with the name of such vendor, or of his agent, is not sufficient, under the provis ions of the revised statutes. (*See Davis* v. *Shields,* 26 *Wend. Rep.* 34.)

In the case under consideration, the note or memorandum of the agreement, is neither subscribed by the parties by whom the sale was to be made, nor by any person for them. It is true, the auctioneer was the agent of the complainants in making the sale. And he was probably authorized by them to execute a written agreement to the purchaser, as such agent; so as to make the contract binding upon them. For there is nothing in the revised statutes which requires that the agent of the vendo: should have a written power, to enable such agent to make and subscribe a mere executory contract of sale, for his principal. Previous to the revised statutes, it had repeatedly been decided. both in this country and in England, that a written power was not necessary to enable an agent to enter into an executory agreement for the sale of lands; where the agreement was not under seal. (*Coles* v. *Trecothick,* 1 *Smith's Rep.* 233. *Barry* v. *Lord Barrymore,* 1 *Sch. & Lef. Rep.* 29. *Clinan* v. *Cooke, Idem,* 22. *McComb* v. *Wright,* 4 *John. Ch. Rep.* 659. *Talbot* v. *Bowen,* 1 *A. K. Marsh. Rep.* 437.) And this court has decided, in a recent case, that the revised statutes has not altered the law in this respect. (*Mc Whorter & Baldwin* v. *McMahan,* 10 *Paige's Rep.* 386.) But the statutory provision, which declares that an auctioneer's memorandum, entered in his sale-book, in a particular form, at the time of the sale, shall be deemed a note of the contract of sale, only applies to the sale of goods. (2 *R. S.* 136, § 4.) And even if an auctioneer is to be considered as the agent of both parties, upon the sale of lands at auction, as was insisted by the complainants' counsel upon the argument in this case, still such auctioneer must reduce the contract to writing, at the time of the sale, and must subscribe it as the lawfully authorized agent of the parties; or at least as the

agent of the vendor, in order to render it a valid contract of sale under the provisions of the revised statutes relative to contracts for the sale of lands.

The complainants in the present case having wholly failed in establishing a valid contract of sale, the vice chancellor should have dismissed the bill, with costs. The decree must, therefore, be reversed upon that ground; and a decree for the dismissal of the bill, with costs, must be entered. And the complainants must pay to the defendant the costs in this court; but the costs upon one appeal only are to be allowed. The costs are to be paid, by the complainants, out of the funds in their hands belonging to the trust estate.