---
Vielie *v.* Osgood.
---

---

SAME TERM.    *Before the same Justices.*

VIELIE and others *vs.* OSGOOD.     ε *Seld. 9.*

The sale of a pew in a church is a sale of an interest in real estate. And the contract for such a sale, or some note or memorandum thereof, expressing the consideration, must be in writing and subscribed by the vendor, or his agent.

Where, in a contract for the conveyance of a pew, the names of the vendors are not subscribed by them, at the foot of the contract, but are *printed*, this is not a sufficient subscription, within the statute of frauds.

The statute of frauds requires an actual manual subscription, at the end of the *vide p.* agreement or memorandum, by the party by whom the same is to be made.

The trustees of a religious society incorporated under the general act relative to the incorporation of religious societies, have no power to execute an absolute deed of a pew in a church, in fee, without reserving any rent.

An agreement to execute such a deed, at a future day, is therefore void.

Vielie *v.* Osgood.

If an agreement for the sale of a pew is void, either because it was not subscribed, as required by the statute of frauds, or because the grantors had no power to convey the pew to the purchaser, by an absolute deed in fee, there is a total failure of the consideration of a note given for the purchase money, and no recovery can be had thereon.

THIS was an action upon a note given by the defendants to the trustees of the First Baptist Church of Glen's Falls or bearer, for $50, payable in four equal instalments, &c. and was dated November 1, 1845. It was given for the purchase money of a slip in the Baptist·meeting house at Glen's Falls. The entire agreement for the sale of the slip, including the names or signatures of the trustees, at the end of the agreement, was printed, except the name of the defendant John Osgood, and the figures 21, which were written in blanks left in the body of the agreement. By the agreement the trustees certified that John Osgood had purchased slip No. 21 in the First Baptist meeting house, and would be entitled to a deed of the same when he should have paid the last instalment of his note given for said slip. The agreement was dated Nov. 1, 184–, and the name of A. Vielie and two others, trustees of the 1st Baptist church and society, were not subscribed, but printed, at the end of the agreement. The cause was tried before Justice Hand, at the Warren circuit, in June, 1848, and a verdict taken therein, subject to the opinion of the supreme court.

*M. W. Perrine,* for the plaintiffs.

*A. T. Wilson,* for the defendant.

*By the Court,* PAIGE, P. J. The proceedings to incorporate the Baptist church and society under the act to incorporate religious societies, were regular. The act of April 16, 1844, confirmed and validated the acknowledgment of the certificate of incorporation, which was taken before a justice of the peace. The society was regularly incorporated when the first trustees were elected, and a certificate of their election was duly made and signed by the officers who presided at the election. The

incorporation of the society did not depend on the proof, or acknowledgment and recording of such certificate. The act, in requiring the certificate to be proved, or acknowledged and recorded, is directory merely. A tender of the deed of the slip, to the defendant, was not necessary, previous to the commencement of a suit on the note. The agreement to pay the note, and the undertaking to give the deed, were independent agreements. The payment of the money was to precede the giving of the deed. The plaintiffs were under no obligation to deliver the deed until the note was fully paid. (1 *Denio*, 59, 60.)

But the agreement for the sale of the slip in the Baptist church to the defendant was not a sufficient contract, or note or memorandum thereof, within the statute of frauds. The sale of a pew in a church is the sale of an interest in real estate. (16 *Wend.* 28, 32.) And the contract for its sale, or some note or memorandum thereof expressing the consideration must be in writing, and subscribed by the party by whom the sale is to be made, or by his lawfully authorized agent. (2 *R. S.* 135, § 8.) In this case the contract for the sale of the slip in question, to the defendant, by the trustees of the Baptist church, was not subscribed by the trustees. Their names at the end of the agreement, or of the memorandum thereof, were printed and not subscribed. The statute requires an actual manual subscription at the end of the agreement or memorandum, by the party by whom the sale is to be made. The meaning of the word *subscribed*, in the present statute of frauds, adopted in place of the word *signed*, used in the former statute of frauds, was explicitly settled by the court of errors in the case of *Davis* v. *Shields*, (26 *Wend.* 351, *per Chancellor ; p.* 357 *to* 361, *per Senator Verplanck.*) In that case it was decided that by the word *subscribed* as used in the statute of frauds, is meant an actual signing in writing of the name of the party who is to make a sale of an interest in lands, or to be charged by a contract for the sale of goods, at the end of the contract or of the memorandum therefor. And the statute of frauds declares that every contract for the sale of an interest in lands, not so subscribed, shall be void. (*See* 11 *Paige*, 410, 411 ; 10 *Id.* 537.)

Vielie *v.* Osgood.

The agreement in this case for the sale of the slip in question is an agreement to execute and deliver an absolute deed thereof, in fee, without the reservation of any rent. Such a deed the trustees had no power to give. The powers of alienation of the trustees of a religious corporation incorporated under the general act relative to the incorporation of religious societies, except those conferred by the 11th section of the act, to sell the real estate of the corporation, on the order of the chancellor, are limited to a demise or lease of the real estate of the corporation, or to the renting of the pews in the church of the corporation. (3 *R. S.* 244, 3*d ed.* §§ 4, 11.) The agreement being for the execution of an absolute deed of the slip in question, without the reservation of rent, and the trustees having no power to give such a deed, the agreement is void. The trustees are like the donees of a power bound to pursue the mode and form of alienation, prescribed by the act. If this is not done by a donee, in the execution of a power, and the defect appears on the face of the deed, the deed is void both at law and in equity. (1 *Hill*, 114, 115.) The power of alienation of the trustees of the First Baptist Church of Glen's Falls is derived wholly from the statute. Their power is a statute power. And it is a familiar rule that if a statute power or authority is not strictly pursued in the execution of a deed, the deed is void. ( *Waldron* v. *McComb*, 1 *Hill*, 114, 115.) Where the powers of a corporation are enumerated in its charter, the maxim " *expressio unius exclusio alterius*" is applied, and the enumeration is construed as a prohibition of all it does not embrace. (8 *New-York Legal Obs.* 261. 15 *John.* 382.) It is a general rule that a corporation can only act in the mode prescribed by the law creating it. (2 *John.* 114. 7 *Cowen*, 462. 8 *John.* 330.) This question I examined in the case of *Voorhees and wife* v. *The Presbyterian Church of Amsterdam*, &*c.* (*a*) tried before me at the Montgomery circuit. And after a careful examination of this question in that case I came to the conclusion that an absolute deed in fee, without reserving rent, of a pew in a church incorporated under the gene-

(*a*) Post, p. 135.

Vielie *v.* Osgood.

ral act to incorporate religious societies, was void. (*See also* 2 *Kent's Com.* 281 ; 7 *Paige*, 83, *&c.*)

If the agreement for the sale of the slip in question was void, either because it was not subscribed as required by the statute of frauds, or because the trustees had no power to convey to the defendant the slip, by an absolute deed in fee, there is a total failure of the consideration of the note, which is a bar to the plaintiff's recovery. (12 *Wend.* 246. 25 *Id.* 116. *Frisbee* v. *Hoffnagle*, 11 *John.* 50.)

The cases cited on the argument, by the counsel of the plaintiffs, to show that a want of title in the vendor is no bar to his recovery in an action for the purchase money, were cases where there was not a total failure of the consideration. They were cases where the purchaser acquired some estate or interest in the premises conveyed, under his deed or under his contract for a deed, or some benefit by virtue of the deed or contract, and where he had not been evicted ; and where, also, he had a remedy against the vendor on the covenants in the deed or contract or for a total or a partial failure of title. (17 *Wend.* 188, 376. 9 *John.* 126. 21 *Wend.* 131. 20 *John.* 19.) A partial failure of consideration can not be pleaded as a full defence ; it can only be given in evidence in reduction of the amount to be recovered, or in mitigation of damages. Even where the purchaser has a remedy on the covenants in his deed, if there has been an actual eviction of the purchaser within six years after the conveyance, and by a title which entitles the party recovering the property to mesne profits as against the purchaser, from the time of his purchase, so that the amount of damages which he would be entitled to recover, upon the covenant of warranty in his deed, would be to the full extent of the purchase money, with interest thereon, there is a total failure of the whole consideration ; which the purchaser may plead as a full defence to an action for the purchase money. (*Tallmadge* v. *Wallis*, 25 *Wend.* 116.)

In this case the defendant, if the amount of the note is recovered against him, will have no remedy on the contract of the trustees to give him a deed of the slip for which the note was given, either by a complaint to compel a specific performance,

or to recover damages for a refusal to execute the deed, or for their inability to convey a good title by an absolute deed. The contract being absolutely void, it can not be enforced; nor can any action be maintained on it.

The defendant having acquired under his contract, no estate or interest in the slip in question, and no benefit by virtue of the contract, there is a total failure of the consideration of his note, which is a full defence to the plaintiff's action.

The verdict must be set aside, and a new trial granted.