ST. PAUL'S CHURCH IN SYRACUSE *vs.* FORD and POMEROY.

The owner of a pew in a church is not liable *in personam*, in respect to an assessment thereon, unless there be some special ground from which to infer a contract and promise to pay.

The interest in a pew, created by a lease in perpetuity, is an interest or estate in realty, and the lessees or pew owners take the title of their pews as real property with all its incidents.

Where a lease of a pew is executed to several persons they are tenants in common of the pew, under their lease, having several and distinct freeholds, and each being solely and severally seised of his share.

Neither of them can bind the other by an agreement in respect to the common property, but any one can charge his separate and several estate, or can convey it, or mortgage it, or become personally liable upon an undertaking respecting it.

Where several persons, who were tenants in common of a pew, signed a paper by which they covenanted and agreed to and with the church that a former appraisal of the value of such pew should be superseded, and that the wardens and vestry, &c. might make a reappraisal of the value of said pew to any sum not exceeding $450, and that the pew should be subject to the same annual tax or assessment that it was then liable to; in pursuance of which stipulation the pew was reappraised at $275; *Held*, in an action against all the owners of the pew, to collect an assessment made upon such reappraisal, that neither of the signers of the paper became jointly bound with, or as surety for the others, nor did any one of them charge his share of the pew for another owner's portion of the tax or assessment; and that consequently a joint action could not be maintained against all the pew owners.

ACTION to recover against the defendants, jointly, $55, as pew rent on an assessment upon pew No. 18 in the plaintiffs' church, valued on making the assessment at $275. The action was tried before ALLEN, J. and a jury, at the Onondaga circuit, in June 1860. On the trial the plaintiff gave evidence of its incorporation, and proved a lease of pew No. 18 to the defendants, dated June 7th, 1852, in consideration of $100 and subject to an annual assessment of not exceeding twelve per cent upon the amount of such consideration, for the current expenses of the parish, which assessment the defendants covenanted to pay. In November, 1856, the defendants severally and at different times, with other pewholders in the church, signed an agreement as follows:

St. Paul's Church *v.* Ford.

"For a valuable consideration to me in hand paid by St. Paul's Church in Syracuse, the receipt whereof is hereby acknowledged, I do hereby covenant and agree to and with said St. Paul's Church in Syracuse, that the former assessment of the value of my pew or pews therein be superseded, and that the wardens and vestry of said church, or any committee by them appointed for that purpose, may make a reappraisal of the value of my said pew or pews herein, to any sum not exceeding $450 on each pew as shall be thought just and equitable, for the purpose of increasing in a just and equitable manner the annual income of said church, the present income being entirely inadequate to the wants thereof, and that said pew or pews be subject to the same annual tax or assessment that the same now is or are for the purposes aforesaid." The pew of the defendants was reappraised at $275 in pursuance of this stipulation, and the amount claimed in this action was the assessment upon this reappraisal. Upon the trial the objection was taken by the defendants that if liable at all, their liability was several and not joint, and that a joint action could not be maintained against them, and the point was held to be well taken, and the plaintiff was nonsuited; to which the plaintiff excepted, and upon a bill of exceptions, pursuant to leave given, now moved for a new trial.

*R. Rayner*, for the plaintiff.

*B. Davis Noxon*, for the defendants.

*By the Court*, ALLEN, J. The action is brought upon the instrument or agreement of November, 1856, and not upon the original lease and the covenant contained in it. No assessment or tax has been made upon the pew at the valuation in the lease, but all the proceedings for the assessment, as well as for its collection, have been under the supplemental agreement. A very serious question arises whether the de-

fendants are either severally or jointly liable personally for any assessment upon the reappraisal of the pew under the agreement of 1856. In the assessment provided for by the lease they were personally liable upon their express covenant to pay. But the agreement of 1856 contains no covenant or promise of any kind. It is a mutual consent to give up the old appraisal, and that a new appraisal may be made, and that the pews be subject to an annual tax or assessment upon the amount at which they should be appraised. The signers do not agree that they will be subject to such assessment in respect to the pews, or promise to pay any such assessment. Neither is it an alteration of the terms of the lease or an agreement to reform the lease or engraft the new appraisal upon it. It may well be that the pew holders may be willing to subject their pews to the enhanced lien when they would not be willing to bind themselves and their heirs perpetually to its payment. A pew owner is not liable *in personam* unless there be some special ground from which to infer a contract or promise to pay. (*First Pres. Congregation in Hebron* v. *Quackenbush*, 10 *John.* 217.) The express covenant in the lease, the absence of it in the substituted agreement, and the special provision for charging the pews is evidence entitled to some consideration that the defendants did not intend to undertake personally for the payment of the assessment. But the question made at the circuit and presented by the bill of exceptions is as to the joint liability of the defendants, if liable at all. The interest in a pew created by a lease in perpetuity, like that to the defendants, is an interest or estate in realty, and the lessees or pew owners take title of their pews as real property, with all its incidents. (*Baptist Church in Ithaca* v. *Bigelow*, 16 *Wend.* 28. *Shaw* v. *Beveridge*, 3 *Hill*, 26. *Vielie* v. *Osgood*, 8 *Barb.* 130.) The defendants were tenants in common of the pew under their lease, and they had several and distinct freeholds. Each was solely and severally seised of his share. (4 *Kent's Com.* 367, 8.) Neither could encumber the estate of the other, or

St. Paul's Church *v.* Ford.

create any servitude or easement upon the common property without the consent of the other. (3 *id.* 436.) Neither could bind the other by an agreement in respect to the common property, but either could charge his separate and several estate, or could convey it or mortgage it, or become personally liable upon an undertaking respecting it. When the defendant Pomeroy signed the agreement of November, 1856, he charged his several estate or interest in the pew with the additional rate or assessment provided for, whether Ford became a party to it or not, and if any personal liability was created by signing the paper he bound himself only. The charge and liability was then several, and not joint. Pomeroy did not undertake to bind Ford, or charge his moiety of the pew. When Ford subsequently became a party to the agreement he undertook for himself and in respect to his moiety of the pew, but his liability and the charge upon his share of the common property, resulted from his individual and several undertaking. He did not become the surety of Pomeroy or charge his share of the pew for Pomeroy's portion of the tax or assessment. In no sense did any one of the signers of the paper become jointly bound with or sureties for the others. A joint liability cannot result from the ownership of a pew in common, any more than a joint liability of all the pew owners results from a quasi tenancy in common of the whole church. The nonsuit was right and the motion for a new trial must be denied.

MULLIN, J. concurred.

MORGAN, J. dissented, on the ground that the fair import of the transaction is, that the new assessment upon the increased valuation of the pew, should be a charge upon the defendants *jointly*, as before. Both could separately agree to this.

New trial denied.

[ONONDAGA GENERAL TERM, October 2, 1860. *Allen, Mullin* and *Morgan,* Justices.]