Snyder *v.* Neefus.

---

---

JOHN J. SNYDER *vs.* PETER NEEFUS, impleaded, &c.

By the statute of frauds, an agreement for the sale of lands, to be valid, must be binding upon all the parties by whom the sale is to be made.

The word "party," in the statute, means all the vendors, when more than one are included in the contract of sale.

Where an agreement for the sale of land owned by two persons as tenants in common is subscribed by a third person as their agent, it must appear that he was duly authorized by both the vendors to sign the contract. If authorized by one only, the agreement is not binding upon either of the parties thereto. J. F. BARNARD, J. dissented.

To be binding, the contract must be signed by the vendors, all of them, personally or by an authorized agent, and the contract as it appears on its face, must be assented to by the vendee.

A vendee will not be deemed to have assented to a contract for the sale of land, which is binding on one of two vendors, only. And the contract being, for that reason, not binding upon him, at the time it was signed, he cannot make it a valid agreement as to one vendor only, by assenting to it as such a contract, afterwards.

THIS action was brought against Peter Neefus and Sarah Neefus, for the specific performance of the following agreement:

"Peter Neefus and Sarah Neefus sell unto John J. Snyder the piece of land in Flatbush on East Broadway, adjoining land sold to Mr. Randolph, containing fifty feet front and rear, and in depth to land of Mr. Schoonmaker, for the price of $1325. Ten dollars cash paid down, and balance on delivery of the deed conveying the same in fee with good title, free of incumbrances, and with full covenants of warranty.

November 12, 1866.         PETER NEEFUS,
(Witness Philip S. Crooke.)         SARAH NEEFUS.
                                        By P. S. Bergen, *Agent.*"

The answer of the defendant Peter Neefus was substantially a denial of the authority of the agent who subscribed the agreement, to bind the defendant. The defendant Sarah Neefus, by her answer, admitted that Peter Neefus was, at the date of the contract, seised in fee of the premises, and that P. S. Bergen was the uncle of the defendants; and denied all the other allegations of the complaint.

The action was tried before a justice of this court, without a jury, who found the following facts:

1st. That on the 12th day of November, 1866, the defendant Peter Neefus was seised in fee simple of the premises in question, situated in the town of Flatbush, Kings county, on East Broadway.

2d. That on the 12th day of November, 1866, the plaintiff, John J. Snyder, made and executed an agreement in writing with the defendant Peter Neefus, by Peter S. Bergen as his agent, for the purchase of said premises at the price or sum of thirteen hundred and twenty-five dollars, which agreement is set forth in the complaint in this action in full.

3d. That the said Peter S. Bergen was duly and fully authorized and empowered to sign said agreement for said Peter Neefus, and to sell said property, and was his agent for that purpose.

That said Bergen had no authority to sign said contract for Sarah Neefus.

4th. That on the 13th day of November, 1866, the plaintiff duly demanded from said defendant Peter Neefus a conveyance of said property according to said agreement, and offered to pay him the sum of thirteen hundred and twenty-five dollars thereupon, according to the terms of said agreement.

5th. That the defendant Peter Neefus refused to make such conveyance, and stated that he would not convey said property to the plaintiff.

6th. That said Sarah Neefus has, and at the time of the commencement of this action, and at the date of said contract had, no right, title or interest in said premises.

Upon the foregoing facts the judge found and decided as conclusions of law:

1st. That the plaintiff, John J. Snyder, was entitled to judgment against the defendant Peter Neefus, that he, said Peter Neefus, specifically perform said agreement and convey said property to the plaintiff, upon being paid the said sum of thirteen hundred and twenty-five dollars, as provided in said agreement, less the sum of ten dollars paid on the signing of said agreement, and the costs of this action to be taxed, which are to be deducted therefrom.

2d. That the complaint in this action be dismissed as to the defendant Sarah Neefus, with the costs.

3d. That the defendant Peter Neefus pay the costs of this action as adjudged, and he ordered judgment accordingly.

The defendant Peter Neefus excepted to the findings of the judge, and appealed from the judgment.

*D. P. Barnard*, for the appellant.

*Crooke, Bergen & Pratt*, for the respondent.

GILBERT, J. The written memorandum put in evidence purports to be a joint contract of Peter Neefus and Sarah Neefus. It was subscribed by Bergen as the agent of both vendors. The court below found as a fact that Bergen had no authority from Sarah Neefus to sign the contract. We are of opinion that by the statute of frauds an agreement for the sale of lands to be valid, must be binding upon all the parties by whom the sale is to be made. This statute makes void every contract for the sale of any lands, unless the contract shall be subscribed by the party by whom such sale is to be made, or by the agent of such party lawfully authorized. (2 *R. S.* 135, §§ 8, 9.) The word "party," in this statute, means all the vendors, when more than one are included in the contract of sale. For by the act concerning the Revised Statutes, passed December 10, 1828, (2 *R. S.* 778, § 11,) it is provided that "whenever in the Revised Statutes, or in any other statute, any subject, matter, party or person is described or referred to by words importing the singular number, or the masculine gender, several matters or persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included ; and these rules of construction shall apply in all cases, unless it be otherwise specially provided, or unless there be something in the subject or the context repugnant to such construction." In *McWhorter* v. *McMahan*, (10 *Paige*, 393,) the chancellor asserted the same construction of the statute of frauds. He said, "here the sale was to be made by both the complainants ; and *it was necessary, therefore*, that the agreement *should be signed by both of them*, either in person or by an agent, duly authorized, *in order to make it a valid contract of sale under this provision of the Revised Statutes.*

The subject of the contract of sale in that case, was land belonging to the firm of Baldwin & McWhorter, who were copartners. The bill was filed by these copartners to compel a specific performance of the contract by the vendee, and it was sustained upon the ground that McWhorter, the non-signing partner, was present when the contract was made, and had ratified it. In this case the mutuality of obligation, which is essential to the validity of a contract is wanting, because one of the several parties, whom it purports to bind, is not bound. It is necessary that all the parties to an agreement should assent to it, to make it binding upon either. The plaintiff did not assent to a contract binding on one vendor only. For this reason the contract was not binding upon him at the time it was signed, and he cannot make it a valid agreement as to one vendor only, by assenting to it as such a contract, afterwards. (*Davis* v. *Shields*, 26 *Wend.* 350.) The fact that Sarah Neefus was not bound would have been a good defense against any liability on his part, for it is not sufficient to charge a vendee upon such a contract, that the agreement is duly signed by him or by his agent. (*Townsend* v. *Hubbard*, 4 *Hill*, 351. *Champlin* v. *Parish*, 11 *Paige*, 410.) To be binding the contract must be signed by the vendors, all of them, personally or by an authorized agent, and the contract as it appears on its face must be assented to by the vendee. (*Reynolds* v. *Dunkirk*, *&c. R. R. Co.*, 17 *Barb.* 614.)

The fact that Sarah Neefus had conveyed her interest to Peter Neefus has no bearing upon the case. The question is whether the statute has been complied with. She may still have an interest as *cestui que trust*, or otherwise, and the plaintiff proved such a claim on her part. But whether she has or not, the contract which by its terms is a joint one, of both Peter and Sarah, cannot be turned into the separate one of Peter, without violating the maxim, that written contracts cannot be contradicted by parol evi-

dence. For if a party may be stricken out of a contract by parol evidence, why not alter it in respect to the quantity or price, or situation of the land, by changing the vendee, or in any other particular. Such a construction would not only allow a contradiction of the written instrument, but would defeat the statute. (*See Van Alstine* v. *Whipple*, 5 *Cowen*, 164. *Wright* v. *Weeks*, 25 *N. Y. Rep.* 153.)

We might have grave doubts of the sufficiency of the evidence to warrant the finding of the court, that Bergen was authorized by Peter Neefus, the latter having testified that he never gave such authority, and the plaintiff having omitted to call Bergen, the alleged agent, to prove his agency; thereby creating a presumption more or less strong against the existence of such agency. But it is not necessary to consider that question. Upon the ground before discussed, the judgment should be reversed and a new trial granted, with costs to abide the event.

LOTT, J. I concur. It is a settled rule, that if part of an entire contract be void under the statute of frauds, the whole is void. (*See Van Alstine* v. *Whipple*, 5 *Cowen*, 162, *particularly p.* 164, *cited within.*) I think, too, that the principle asserted by Chancellor Walworth in *Mc Whorter* v. *McMahan,* (10 *Paige*, 393,) establishes that this agreecannot be enforced. Miss Neefus, it is found, never executed or authorized the execution of the agreement.

TAPPEN, J. also concurred.

J. F. BARNARD, J. dissented.

New trial granted.

[KINGS GENERAL TERM, December 19, 1868. *Lott, J. F. Barnard, Gilbert* and *Tappen,* Justices.]