if any debt survived such credit, would be in the nature of a penalty for a sale of the collateral to the extent of wiping out the debt, although the action rested upon the debt, and not upon a wrongful sale of the collateral. See Gruman v. Smith, 81 N. Y. 25; Minor v. Beveridge, 141 N. Y. 399, 36 N. E. 404, 38 Am. St. Rep. 804. All that the pledgee is entitled to in such an action is to recover the debt. If he still have collateral *which he may negotiate,* he should not recover the debt, and yet be left free to negotiate the collateral for his own benefit. He might do this thing to leave the defendant to perhaps an unsuccessful pursuit of him, or of one who is a bona fide holder for value. This, to use the expression in Ocean National Bank of N. Y. v. Fant, 50 N. Y. 476, "would be most unreasonable."

I think, then, in this case, as the collateral was negotiable by the plaintiff, he should have produced it at the trial. Ocean National Bank of N. Y. v. Fant, supra; Jones on Pledge of Collateral Securities, § 106; Colebrook on Negotiable Securities, § 106; Holmes & Griggs Co. v. Morse, 53 Hun, 58, 5 N. Y. Supp. 937. It is true that the plaintiff might have insisted upon proceeding after he had been charged with the face value of the collateral (Colebrook on Negotiable Securities, § 106); but he did not, nor did it appear that, if this had been done, there would have been any apparent debt. I advise affirmance.

[4] I think that it should be clearly understood, however, that such dismissal was not upon the merits. Nichols' New York Practice, p. 2211.

The judgment and the order are affirmed, with costs. All concur.

---

(71 Misc. Rep. 517.)

### LANDEKER v. CO-OPERATIVE BLDG. BANK.

(Supreme Court, Special Term, Queens County. April, 1911.)

1. FRAUDS, STATUTE OF (§ 115*)—SALE OF REALTY—SIGNATURE TO MEMORANDUM—SUBSCRIBING.

    A contract for the sale of real property may be subscribed, as required. by the real property law (Consol. Laws 1909, c. 50, § 259), in typewriting as well as with pen and ink.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 242–250; Dec. Dig. § 115.*]

2. FRAUDS, STATUTE OF (§ 115*)—SALE—SIGNATURE TO MEMORANDUM.

    An actual signature of the name at the end of an agreement may be sufficient under the statute of frauds, though the person can write, by the use of a rubber stamp or by the use of a printed name, when it is intended to adopt it as the signature.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 242–250; Dec. Dig. § 115.*]

3. FRAUDS, STATUTE OF (§ 115*)—SALE OF REALTY—SIGNATURE TO MEMORANDUM.

    The production of a printed contract for the sale of land with the typewritten name of the grantor attached thereto is insufficient within the statute of frauds, unless the authority and intent in signing the same is shown.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 242–250; Dec. Dig. § 115.*]

Action by Adolph H. Landeker against the Co-operative Building Bank for specific performance. Case opened to permit plaintiff to introduce proof.

CRANE, J. [1] After consulting the authorities I have come to the conclusion that a contract for the sale of real property may be subscribed, as required by section 259 of the real property law, in typewriting as well as with pen and ink. The force of such decisions as Vielie v. Osgood, 8 Barb. 130, Davis v. Shields, 24 Wend. 322, Worthington Brick Co. v. Bull, 44 Hun, 462, Haydock v. Stow, 40 N. Y. 363, and James v. Patten, 6 N. Y. 9, 55 Am. Dec. 376, citing Vielie v. Osgood, supra, lies in the point that the contract or agreement under the statute of frauds must be subscribed or signed at the end of the agreement, as distinguished from the earlier statutes and cases which permitted the name to appear at any part of the agreement.

[2] The expression in the Vielie Case, which seems to have been followed and not departed from in this state, as far as I can find, is that the statute requires an "actual, manual subscription." An actual signing of the name by the hand at the end of the agreement may be by making a mark, even though the person can write (Baker v. Denning, 8 Ad. & El. 94), or by the use of a rubber stamp (Bennett v. Brumfield, L. R. 3 C. P. 28), or by the use of a printed name, when it is the intention to adopt such printed name as the signature (Tourret v. Cripps, 48 L. J. Ch. 567; Saunderson v. Jackson, 2 B. & P. 238; Schneider v. Norris, 2 M. & S. 286; Salmon Falls Mfg. Co. v. Goddard, 55 U. S. 446, 14 L. Ed. 493; Drury v. Young, 58 Md. 546, 42 Am. Rep. 343).

I can see no reason why a signature of the grantor, under the statute of frauds or this section of the real property law, may not be stamped on by the letters of a typewriter, as well as put on by a rubber stamp or by the mark of a pen. The question is and still remains in this case whether or not the typewritten name of the grantor was subscribed by a person having authority in the matter to bind the grantor and with the intention to make the typewritten name the signature or subscription to the contract. I do not recall that the plaintiff has fully covered these elements of proof in the case, as I have not the testimony before me.

[3] The mere production of the contract with the typewritten name of the grantor is insufficient to meet the requirements of the statute, unless the authority and intent in signing the name is shown.

I shall therefore open this case and permit the plaintiff to introduce such other proof as he may desire. Ordered accordingly.