MORRIS PEARLBERG, Respondent, *v.* JULIUS LEVISOHN and SAMUEL LEVISOHN, Copartners, Trading as JULIUS LEVISOHN & SON, Appellants.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Statute of Frauds — when must be pleaded as a defense — sales — contracts — memorandum — Personal Property Law, § 85 (2).

Only when a complaint upon a written agreement for the sale of goods for the price of fifty dollars or more shows that the contract sued on is within the Statute of Frauds or when the complaint fails to show whether the contract is valid or invalid must the statute be pleaded as a defense.

Where a complaint pleads a contract that would be valid under the Statute of Frauds the plaintiff cannot succeed if the memorandum of the agreement does not conform to the statute, although the defendant has not pleaded it.

Appellate Term, Second Department, May, 1920. [Vol. 112.

The goods being standard articles sold generally in the trade are not within the exception covered by subdivision 2 of section 85 of the Personal Property Law, and the statute applies.

Where the printed firm name of the defendants appears at the top of a written memorandum of an agreement for the sale of goods by them for the price of fifty dollars or more there is a sufficient signing within the meaning of the Statute of Frauds though the memorandum does not contain any signature of the defendants.

APPEAL by defendants from a judgment for $643 damages and costs in favor of plaintiff in Municipal Court of the city of New York, borough of Brooklyn, third district.

Myers & Kutner (Joseph H. Kutner, of counsel), for appellants.

Louis Rosenzweig, for respondent.

CROPSEY, J. The principal question upon this appeal is whether the memorandum of sale complies with the Statute of Frauds. The plaintiff claims that defendants cannot raise this point because they failed to plead the statute. It is a general rule that the statute must be pleaded. *Crane* v. *Powell,* 139 N. Y. 379. But this is true only when the complaint shows that the contract sued upon is invalid under the statute or when the complaint does not show whether the contract is valid or invalid. Where the complaint pleads a contract that would be valid under the statute the plaintiff cannot succeed if the memorandum does not conform to the statute although the defendant has not pleaded it. *Williamsburg City Fire Ins. Co.* v. *Lichtenstein,* 181 App. Div. 681, 685. The complaint in the case at bar alleges a " written agreement." Nor is the other contention of the plaintiff sound, namely, that the statute does not apply because the goods were to be manufactured. The statute expressly covers such

goods unless 'they " are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business." Pers. Prop. Law, § 85, subd. 2.   These suits were standard articles sold generally in the trade and hence the statute is applicable.

The defendants are manufacturers of clothing and from them the plaintiff ordered some goods.   The memorandum is made on a printed form taken from the order book of the defendants.   At the head of it is the name of defendants' firm with the statement that they are manufacturers of clothing.   The printed part of the form contains a place for the date, order number, name of purchaser, directions for time and method of shipment, terms, etc., and below are columns showing the lot, style and quantity of the different sized garments ordered with the prices.   This order has written on it the date, the name of the plaintiff who was the purchaser, and a detailed description of the lot, style and quantity, giving the different sizes and the different prices.   All this writing was made by one of the defendants and the paper was then given to the plaintiff, the defendants keeping a carbon copy of it for their use.   It is manifest that this is a memorandum of an agreement to sell to the plaintiff the goods specified at the prices named.   All the necessary terms of a contract and all the terms of the agreement actually made appear on the face of the memorandum.   It does not state the terms or the time of delivery but there was no agreement as to either and there need be none to make a valid agreement.   The plaintiff was permitted to testify, over objection, that at the time he gave the order the defendants said the goods would be delivered in two or three weeks.   But this was not a part of the agreement.   The order is dated May 24, 1919, and the plaintiff told the defendants he wanted the goods for

Appellate Term, Second Department, May, 1920.  [Vol. 112.

his fall trade, he being in the retail clothing business, so he had no need of them in two or three weeks. And the plaintiff did not attempt to hold the defendants to a delivery within that period. When the goods were not received he visited the defendants several times and finally, after two months had elapsed, the defendants told him the goods had been sold to others. Thereafter this action was brought. It is admitted that the prices of the suits went up after the order was placed though there is a dispute as to the amount of the advance.

The memorandum does not contain any signature of the defendants either in ink or pencil but the printed firm name appears at the top of it and it is contended by defendants that this is not a signing within the meaning of the statute.

The statute does not specify any particular form of signing. It merely requires that the party to be charged shall have signed the memorandum. It has been held that a cross mark is a good signature (*Zacharie* v. *Franklin,* 12 Pet. 151, 161, 162); also initials (*Barry* v. *Coombe,* 1 id. 640; *Salmon Falls Mfg. Co.* v. *Goddard,* 14 How. [U.S.] 446); even numerals when used with the intention of constituting a signature (*Brown* v. *Butchers & Drovers' Bank,* 6 Hill, 443); and a type-written name or imprint made by a rubber stamp has the same effect (*Landeker* v. *Co-operative Bldg. Bank,* 71 Misc. Rep. 517; *Degginger* v. *Martin,* 48 Wash. 1, 4); and this is equally true though the typewriting or stamp impression be made by another if the person to be charged has directed it. *Deep River National Bank's Appeal,* 73 Conn. 341, 346. These and similar cases establish the rule that any name or symbol used by a party with the intention of constituting it his signature or which is adopted by the party as his signature is sufficient. And from this it necessarily

follows that the party's name printed on the memorandum fully satisfies the statute if it is shown to have been adopted by him as his signature. This has been the law in England for more than a century and has been followed quite generally in this country. *Saunderson* v. *Jackson*, 3 Esp. 180; *Schneider* v. *Norris*, 2 M. & S. 286; *Evans* v. *Hoare*, 1 Q. B. 593, 596; *Hucklesby* v. *Hook*, 82 L. T. (N. S.) 117; *Cohen* v. *Wolgel*, 107 Misc. Rep. 505; *Drury* v. *Young*, 58 Md. 546, 553, 554. See other cases in note 37 L. R. A. (N. S.) 352. It has even been held that the name of a party printed on the loose cover of his order book is sufficient. *Jones Brothers* v. *Joyner*, 82 L. T. (N. S.) 768.

There is nothing in conflict with this holding in *James* v. *Patten*, 6 N. Y. 9, and similar cases, for they only decide that under a statute requiring the memorandum to be " subscribed " there had to be a manual signing of it at the end. But even these cases so far as they say there must be a signature made by hand have been seriously questioned. *Landeker* v. *Co-operative Bldg. Bank*, 71 Misc. Rep. 517.

Where the statute (like the present form of ours) merely requires that the memorandum be signed and not subscribed it is complied with if the signature appears upon any part of the paper. *Merritt* v. *Clason*, 12 Johns. 102; affd. as *Clason* v. *Bailey*, 14 id. 484; *New England, etc., Co.* v. *Standard Worsted Co.*, 165 Mass. 328, 331; *Barry* v. *Coombe*, 1 Pet. 640. And the signing by one partner binds the firm. *Salmon Falls Mfg. Co.* v. *Goddard*, 14 How. (U. S.) 446, 455; *Hughes* v. *Gross*, 166 Mass. 61.

There is no merit in the other contentions made by defendants. The plaintiff was not obliged to make any tender. The defendants not only failed to deliver the goods but told the plaintiff they had sold them to other parties. And defendants cannot complain that the

trial court did not award the plaintiff as large damages as the proof might have warranted. Nor is the judgment against the weight of the evidence. On the contrary, the record clearly shows that the defendants failed to carry out their agreement because the prices of the suits had risen.

The judgment should be affirmed, with costs.

Clark and Kelby, JJ., concur.

Judgment affirmed, with costs.