Johnston, Acting P. J.
The action is by the purchaser of real property for specific performance of a memorandum of purchase and sale. The three defendants are the owners of the property. Defendants Hoch (husband and wife) own an undivided half interest and defendant Harbus owns the other undivided half interest. The memorandum is signed only by Mr. Hoch as “ owner ” and “ seller ”. The amended complaint alleges that at the time of the execution of the memorandum both defendants Hoch were present, as was the wife of defendant Harbus; that at that time Mrs. Hoch and Mrs. Harbus stated that Mr. Hoch had authority to execute the memorandum on behalf of all defendants; that plaintiff relied on these representations in paying the $500 deposit and in signing the memorandum; and that Mrs. Hoch and Mr. Harbus by their conduct should be estopped from denying the authority of Mr. Hoch to sign the memorandum or from invoking the Statute of Frauds (Real Property Law, § 259). Defendants defaulted in appearing at the time and place agreed upon for execution of the contract of sale. The relief prayed for is (1) specific performance against all defendants; (2) if all three defendants are not liable under the contract, that the defendant or defendants who are liable be directed to convey his or her title to the property, and that the amount paid for such interest be apportioned in accordance with the value of the title to be conveyed.
The amended complaint was dismissed against defendant Harbus because he was not present at the time of execution of the memorandum, and, therefore, estoppel could not operate against him. There is no appeal from that portion of the order which dismisses the amended complaint as against that defendant. Special Term correctly held that, under the allegations of the amended complaint, Mrs. Hoch was estopped from denying Mr. Hoch’s authority to sign the memorandum. (Joehl v. Tricarico, 271 App. Div. 898.) However, the amended complaint was dismissed against both defendants Hoch on the ground that plaintiff is not entitled to partial specific performance of the undivided half interest owned by them in the absence of special circumstances showing that such a decree of partial specific performance is necessary. I believe that in this respect Special Term’s determination was incorrect and that the amended complaint should be held sufficient as to defendants Hoch.
*609 “ If a seller of land is not able to comply fully with the contract, either in respect of the quantity of land or the extent of the estate, the court will, at the election of the buyer, decree specific performance of the contract, so far as the same can be performed, awarding compensation to the purchaser by way of abatement from the purchase-price, for any deficiency in title, quantity of land, or other matter touching the estate, the value of which are capable of being ascertained and thus compensated without doing injustice to either party.” (Bostwick v. Beach, 103 N. Y. 414, 422.) That rule has been applied to compel the owner of an undivided interest in real property to convey his share to a purchaser, although the owner of the other undivided interest could not be compelled to convey his share. (Keator v. Brown, 57 N. J. Eq. 600; Campbell v. Hough, 73 N. J. Eq. 601; Laderman v. Rooney, 101 N. J. Eq. 772; Cochran v. Blout, 161 U. S. 350; Melin v. Woolley, 103 Minn. 498; McCray v. Buttell, 149 Minn. 487; Anderson v. Weirsmith, 209 Iowa 714.) Special Term relied on Eickwort v. Powers (62 Hun 622, opinion in 17 N. Y. S. 137, appeal dismissed 137 N. Y. 628). There defendant contracted to sell his entire interest in real property to plaintiff. It appeared that his title to an undivided half interest was defective,' but that his title to the other undivided half interest was good. Plaintiff rejected title to the undivided half interest as to which the title was defective, but demanded specific performance as to the undivided half interest which defendant was in a position to perform. It was held that plaintiff was not entitled to partial specific performance because that would be making a different contract for the parties and there were no special circumstances shown rendering the conveyance of the undivided half interest under a'contract for the sale of the entire title necessary or just. That case may be readily distinguished. There defendant, the owner of the entire plot, contracted to convey the entire parcel. To require him to convey only an undivided half interest in that parcel, as plaintiff requested, would be to compel him to convey something different from what he contracted to convey and, therefore, would be enforcing a contract which he did not make. It is in such a situation that special circumstances must appear to show that it is necessary or just to plaintiff and not a hardship to compel partial specific performance.
In the case at bar, to compel defendants Hoch to convey their undivided interest is not to compel those defendants to convey something different from what they contracted to *610 convey. To decree partial specific performance against them is not making a new contract for the parties, but merely to compel them to do just what they agreed to do as to their interest. They own an undivided half interest and it is only that half interest which they are asked to convey. They will receive exactly the price they bargained for and that they would have received had defendant Harbus (the owner of the other undivided half interest) ratified the contract. A tenant in common may dispose of his interest. If defendants Hoch had separately contracted to sell their undivided share, the court undoubtedly would compel them to perform their contract either with or without the concurrence of the cotenant Harbus and the same result must follow in the situation at bar.
If the contention of defendants and the conclusion of Special Term were accepted, it would be optional in such a case with the landowners whether the contract should be performed or not. Plaintiff purchaser would be bound at their will. If Harbus (the Hochs’ cotenant) decided not to question Mr. Hoch’s authority to sign the memorandum, plaintiff would be held to his promise. On the other hand, if Harbus should repudiate, as he did, neither the Hochs nor Harbus would be obligated. Such a result is unjust and should be avoided. To the extent that Snyder v. Neefus (53 Barb. 63) is inconsistent with this determination, it is disapproved.
The fact that the amended complaint states a cause of action against defendants Hoch does not mean that plaintiff must ultimately prevail. The rule is that, where there is great hardship on defendant in an action for specific performance, without any considerable gain to plaintiff, the court, in the exercise of its equitable powers, may refuse specific performance. (Kleinberg v. Ratett, 252 N. Y. 236; Miles v. Dover Furnace Iron Co., 125 N. Y. 294; Conger v. New York, W. S. & B. R. R. Co., 120 N. Y. 29.)
The order, insofar as appealed from, should be modified on the law to conform to this opinion, and, as so modified, should be affirmed, with $10 costs and disbursements to appellant.
Johnston, Acting P. J., Adel, Sneed, Wenzel and Mac-Crate, JJ., concur.
Order, insofar as appealed from, modified on the law in accordance with opinion and, as so modified, unanimously affirmed, with $10 costs and disbursements to appellant.
Settle order on notice. [See 277 App. Div. 879.] •