Maurice Wahl, J.
In this suit plaintiff seeks to recover $500 heretofore deposited by it with the defendant city, as evidence of good faith, towards the leasing of a city-owned pier as soon as the pier was available for such purpose, and upon such terms and conditions as shall be negotiated and agreed upon between the plaintiff and the defendant.
The city concedes that on or about April 28, 1942 plaintiff delivered $500 to it, which was deposited to the plaintiff’s credit. The lease never came into being, and plaintiff was notified some time in 1947 that the lease would not be made. In 1950 plaintiff filed a claim with the city for repayment of the deposit.
A hearing was held on February 2, 1951 in the City Comptroller’s office, and testimony was taken.
On divers occasions from February 7, 1951 to September 17, 1954 plaintiff requested a decision of the City Comptroller with respect to the claim filed for the return of the $500. On Sep *400 tember 17, 1954 defendant city notified plaintiff that it was disallowing plaintiff’s claim for the return of the $500 deposit, and has since that date refused to pay the money. There had been no other transactions between the parties.
The instant suit was commenced in 1959. There is no substantial dispute on the essential facts. The only point at issue is whether the defense of the Statute of Limitations bars the plaintiff’s claim.
Defendant contends that since the money was deposited in 1942, and in 1947 its Department of Marine and Aviation notified plaintiff that it could not obtain the lease, and since plaintiff made demand for the return of the $500 on November 21, 1950, the six-year Statute of Limitations commenced on the latter date, and thus the cause of action was barred on and aftér November 21,1956.
Plaintiff, on the other hand, does not substantially dispute this, save for one intervening factor, which it contends toils the Statute of Limitations. This factor is that in July, 1958, defendant sent plaintiff a statement of account from its Department of Marine and Aviaiton, entitled ‘1 Wharfage Statement and Charges ”, dated June 30, 1958, and bearing Account No. 3201. This statement shows a credit balance of $500 in favor of the plaintiff. The statement is “ Plaintiff’s Ex. 3 in Evidence ”.
Plaintiff contends that this statement is sufficient within the meaning of section 59 of the Civil Practice Act to make this a continuing contractual obligation. If that be so, then plaintiff should be successful herein.
Defendant contends (1) that this statement was sent through inadvertence; (2) that it is not an acknowledgment which shows an intention to pay, within the meaning of section 59 of the Civil Practice Act, and thus does not toll the Statute of Limitations; and (3) that it was sent without authority and in any event does not bind the city nor does it create an estoppel.
The court is satisfied from the authorities relied upon by the plaintiff in its memorandum that this statement is a sufficient acknowledgment by defendant to take the case outside of the operation of the Statute of Limitations, and that this statement constitutes an acknowledgment of the debt within the meaning of section 59 of the Civil Practice Act. (Manchester v. Braedner, 107 N. Y. 346, 349; Matter of Steele, 262 App. Div. 938, affd. 289 N. Y. 716; Connecticut Trust & Safe Dep. Co. v. Wead, 172 N. Y. 497.)
The court is further satisfied that the statement was signed within the meaning of the law (General Construction Law, § 46; *401 Brooklyn City R. R. Co. v. City of New York, 139 Misc. 691; Pearlberg v. Levisohn, 112 Misc. 95).
There is no credible evidence before the court that the statement was sent in error or without authority. To the contrary, during the negotiations by the plaintiff with the city for the return of the deposit, several letters written by the plaintiff demanding payment referred to or enclosed a copy of plaintiff’s Exhibit 3 in evidence. In all responses to these letters the city neither claimed error nor lack of authority.
We need not concern outselves as to whether or not the sending of the statement creates an estoppel, by reason of the fore-g’oing determination. In any event, even were it assumed that the tolling of the Statute of Limitations were in the nature of an equitable estoppel, which it is not, the authorities have upheld that theory against municipalities (Hoffman v. City of Syracuse, 2 N Y 2d 484; Vanderweghe v. City of New York, 150 Misc. 815, affd. 242 App. Div. 762; Abarno v. City of New York, 3 Misc 2d 1053).
In dealing with substantive provisions of law, that is, section 50-e of the General Municipal Law, the court held, in Teresta v. City of New York (304 N. Y. 440, 442-443), that there was an unequivocal waiver as well as elements of estoppel.
By reason of the foregoing, judgment is directed in favor of the plaintiff for $500, with interest and costs. Let judgment be entered accordingly.