WILLIAM E. LEISING, Appellant, v MULTIPLE R DEVELOPMENT, Also Known as MULTIPLE DEVELOPMENT, et al., Respondents. [672 NYS2d 223] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendants' motion to dismiss the complaint. Plaintiff commenced this action in December 1996 to collect the balance due on a promissory note executed by "co-partners" Rosemary Loffredo and Ronald James C. Smith (defendants) on February 14, 1990. That note was due and payable on May 15, 1990. On January 28, 1991, defendants provided plaintiff with a document stating: "$205,202.10 Balance Due" minus "TOTAL OFFSETS $46,784.92" for a "VALUE OF PROMISSORY NOTE $158,417.18 Plus Interest from 2/14/90". The name and address of Multiple Development, defendants' partnership entity, appeared at the top of the document. Defendants moved to dismiss the complaint, asserting that the document did not constitute an acknowledgment of the debt pursuant to General Obligations Law § 17-101 and therefore the complaint was time-barred pursuant to CPLR 213 (2). The court agreed and dismissed the complaint. We reverse.

In order for a writing to constitute an acknowledgment of a debt and thereby extend the Statute of Limitations pursuant to General Obligations Law § 17-101, it must be signed by the party to be charged, "recognize an existing debt and * * * contain nothing inconsistent with an intention on the part of the debtor to pay it" (*Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, 521). Here, the writing recognizes an existing debt and contains nothing inconsistent with the intent of defendants to pay the debt. Furthermore, the printed corporation name on the top of the writing is sufficient to constitute the "signature" required by General Obligations Law § 17-101 (*see, Pearlberg v Levisohn*, 112 Misc 95, 98-99; *see generally, Parma Tile Mosaic & Marble Co. v Estate of Short*, 87 NY2d 524, 527-528). Because plaintiff provided sufficient evidence that defendants acknowledged their debt, thus extending the Statute of Limitations, the court erred in dismissing the complaint as time-barred.

The court also erred in dismissing the complaint against de-

fendant Multiple R Development, also known as Multiple Development, on the ground that it was not a proper party to the lawsuit. The record establishes that defendants executed the promissory note as co-partners in order to finance the purchase of real property. Moreover, the initial $30,000 payment on the note was made by check from the partnership Multiple Development and defendants appear to have acted through the partnership in determining the balance due on the note. Under those circumstances, the court should not have determined at this juncture whether Multiple R Development was a proper party to the action. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Dismiss Pleading.) Present—Denman, P. J., Lawton, Pigott, Jr., Balio and Boehm, JJ.