◼ DANIEL R. SCROFANI, Appellant, v FRED-RICK HOLDING CORP. et al., Respondents. [608 NYS2d 247] —In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered August 9, 1991, which granted the defendants' motion to dismiss the complaint as barred by the applicable Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The defendant Fred-Rick Holding Corp. issued a promissory note to the plaintiff on or about February 17, 1983. The note by its terms matured on June 1, 1983. In a letter dated December 4, 1984, to the plaintiff, the defendant Fred-Rick Holding Corp. set out the amount of the loan received and detailed the amount paid back. The letter concluded with the phrase "BALANCE DUE * * * $6069.00 plus interest". A summons with notice was served on the defendants on April 9,

1990. Contrary to the determination of the Supreme Court, the Statute of Limitations had not expired on that date, and service upon the defendant Fred-Rick Holding Corp. was timely. Since the December 4, 1984 letter acknowledged the debt, recognized an existing debt, and contained nothing inconsistent with an intention on the part of the debtor to pay it, it extended the Statute of Limitations until December 4, 1990 *(see, Estate of Vengroski v Garden Inn,* 114 AD2d 927; *see also, Park Assocs. v Crescent Park Assocs.,* 159 AD2d 460).

We further find that, with respect to the remaining causes of action, the defendants have failed to meet their burden of proving that they are barred by the Statute of Limitations. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.