■ BARNARD COLLEGE, Appellant, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Respondent, et al., Defendants.

[690 NYS2d 45] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered May 7, 1998, dismissing plaintiff college's complaint as against defendant-respondent construction manager, and bringing up for review an order, same court and Justice, entered April 8, 1998, which, insofar as challenged, granted such defendant's motion to dismiss the complaint as against it as time-barred, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff's claim for breach of its construction management contract with defendant accrued in September 1988 upon completion of the project, a dormitory, and was properly dismissed as barred by the six-year Statute of Limitations (*see*, *Cabrini Med. Ctr. v Desina*, 64 NY2d 1059). Giving plaintiff's allegations every favorable inference, we agree with the IAS Court that the work that defendant began to perform in 1992 to fix water leaks in the dormitory's bathrooms cannot serve to extend the accrual date of plaintiff's cause of action (*see*, *supra*). We also agree with the IAS Court that plaintiff fails to allege the essential terms of a new contract for such remedial work. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.