■ In the Matter of County of Nassau, Respondent, v Civil Service Employees Association, Inc., Appellant. [789 NYS2d 63]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an employee disciplinary dispute, the appeal is from an order of the Supreme Court, Nassau County (Cozzens, J.), entered November 25, 2003, which granted the petition and denied the cross petition to compel arbitration.

Ordered that the order is affirmed, with costs.

"Generally, under New York statutory and case law, a court may address three threshold questions on a motion to compel or to stay arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time-barred if it were asserted in State court (*see,* CPLR 7502 [b]; 7503; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 9, n 2)" (*Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, 201-202 [1995], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith,* 516 US 811 [1995]).

"Clearly, under New York law, *statutory* time limitation questions . . . as opposed to *contractual* time limitations agreed upon by the parties . . . are for the courts, not the arbitrators" (*Matter of Smith Barney Shearson v Sacharow,* 91 NY2d 39, 48 [1997] [emphasis added], quoting *Matter of Smith Barney, Harris Upham & Co. v Luckie, supra* at 202; *see Matter of County of Rockland [Primiano Constr. Co.], supra* at 8-9). Contrary to the appellants' contention, the Supreme Court correctly concluded that the May 28, 2003, demand to arbitrate the July 10, 1996, termination of Mimose Zephirin's employment was time-barred by statute (*see* CPLR 7502 [b]; *Matter of County of Nassau v Civil Serv. Empls. Assn.,* 265 AD2d 326 [1999]). Schmidt, J.P., Adams, Santucci and Luciano, JJ., concur.