■ LEON DA SILVA, Respondent, v OTTAVIO SAVO et al., Appellants. [826 NYS2d 436]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated June 6, 2006, which denied their motion pursuant to CPLR 7503 (b) for a stay of arbitration.

Ordered that the order is affirmed, with costs.

"Generally, under New York statutory and case law, a court may address three threshold questions on a motion to compel or to stay arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time-barred if it were asserted in State court" (*Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, 201-202 [1995], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 516 US 811 [1995]; *see Matter of County of Nassau v Civil Serv. Empls. Assn., Inc.,* 14 AD3d 509 [2005]).

Here, the parties' joint venture agreement contains a provision expressly requiring any dispute to be "determined and settled by arbitration" pursuant to the rules of the American Arbitration Association," and there is no allegation that the arbitration provision has not been complied with. Moreover, the defendants failed to establish that the breach of contract claim which the plaintiff seeks to arbitrate is wholly or partially barred by the applicable six-year statute of limitations (*see* CPLR 213 [2]; *Sullivan v Troser Mgt., Inc.,* 15 AD3d 1011 [2005]; *Fade v Pugliani/Fade,* 8 AD3d 612 [2004]; *Cognetta v Valencia Devs., Inc.,* 8 AD3d 318 [2004]; *Knoll v Datek Sec. Corp.,* 2 AD3d 594 [2003]; *Leising v Multiple R Dev.,* 249 AD2d 920 [1998];

*Scrofani v Fred-Rick Holding Corp.*, 201 AD2d 639 [1994]). Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 7503 (b) for a stay of arbitration. Schmidt, J.P., Santucci, Krausman and Rivera, JJ., concur.