■ In the Matter of Town of Orangetown et al., Appellants, v Rockland County Policemen's Benevolent Association et al., Respondents. [961 NYS2d 809]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners appeal from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated October 4, 2011, which denied the petition and granted the cross motion of the Rockland County Policemen's Benevolent Association, the Town of Orangetown Policemen's Benevolent Association, and Steven Gentile to compel arbitration.

Ordered that the order is reversed, on the law, with costs, the petition to permanently stay arbitration is granted, and the cross motion of the Rockland County Policemen's Benevolent Association, the Town of Orangetown Policemen's Benevolent Association, and Steven Gentile to compel arbitration is denied.

" 'Generally, under New York statutory and case law, a court may address three threshold questions on a motion to compel or to stay arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time-barred if it were asserted in State court' " (Da Silva v Savo, 35 AD3d 647, 647 [2006], quoting Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 201-202 [1995]). Here, the claim sought to be arbitrated was time-barred under the applicable 18-month statute of limitations (see Town Law § 65 [3]; Schirmer v Town of Harrison, 294 AD2d 347, 347 [2002]). Thus, the Supreme Court erred in denying the petition to permanently stay arbitration and granting the cross motion of the Rockland County Policemen's Benevolent Association, the Town of Orangetown Policemen's Benevolent Association, and Steven Gentile to compel arbitration.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.