*660 We affirm the order appealed from, albeit on grounds different from those articulated by the Supreme Court. “ ‘Generally, under New York statutory and case law, a court may address three threshold questions on a motion to compel or to stay arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time-barred if it were asserted in State court’ ” (Da Silva v Savo, 35 AD3d 647, 647 [2006], quoting Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 201-202 [1995]; see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 6-7 [1980]). Here, the subject arbitration agreement is valid, the parties have complied with its terms, and the claims sought to be arbitrated are not time-barred under State law. Accordingly, the respondents’ separate motions to compel arbitration and stay all further proceedings in the action pending completion of the arbitration were properly granted (see CPLR 7503 [a]). For the same reasons, the petition to stay arbitration was properly denied and the proceeding was properly dismissed. In light of this determination, we need not address the applicability of the doctrine of collateral estoppel.
The plaintiff/petitioner’s remaining contention is without merit. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.