◼ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v LATCHMINEE LALDHARRY et al., Respondents. [12 NYS3d 576]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Queens County (Raffaele, J.), dated February 25, 2014, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The respondents Latchminee Laldharry and Bhayvita Laldharry sought uninsured motorist benefits after they were allegedly injured in a hit-and-run motor vehicle accident. The petitioner Allstate Insurance Company (hereinafter Allstate) commenced this proceeding to permanently stay arbitration of the respondents' claim. After a framed-issue hearing, the Supreme Court denied the petition and dismissed the proceeding. Allstate appeals.

"Generally, under New York statutory and case law, a court may address three threshold questions on a motion to compel or to stay arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time-barred if it were asserted in State court" (*Morales v American Apparel, Inc.*, 113 AD3d 659, 660 [2014] [internal quotation marks omitted]; *see* CPLR 7503 [b]; *Matter of County of Nassau v Civil Serv. Empls. Assn., Inc.*, 14 AD3d 509, 509 [2005]).

Here, Allstate does not allege, pursuant to CPLR 7503 (b), that the parties did not have an agreement to arbitrate or that the respondents' claim was time-barred. Further, while Allstate alleged that the respondents failed to comply with the terms of the uninsured motorist provisions of the subject policy, it did not submit a copy of the portions of the policy which allegedly contained those terms (*see American Ind. Ins. Co. v Art of Healing Medicine, P.C.*, 104 AD3d 761, 762 [2013]; *Matter of Global Liberty Ins. Co. v Abdelhaq*, 36 AD3d 909, 910 [2007]). Accordingly, Allstate failed to demonstrate that it was entitled to a permanent stay of arbitration based upon the respondents' alleged failure to comply with the terms of the subject policy (*cf. Matter of Government Empls. Ins. Co. v Bartlett*, 112 AD3d 826, 827 [2013]; *Matter of Government Empls. Ins. Co. v Baik*, 94 AD3d 888, 889 [2012]; *Matter of Interboro Mut. Indem. Ins. Co. v Napolitano*, 232 AD2d 561, 562 [1996]). Under the circumstances, Allstate's petition was properly denied and the proceeding to permanently stay arbitration properly dismissed. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.