**█ NORTH COAST OUTFITTERS, LTD.,** Appellant, v **CHARLES W. DARLING III** et al., Respondents, et al., Defendant. [20 NYS3d 914]—In an action, inter alia, to recover damages for breach of fiduciary duty and for a judgment declaring that the defendant Charles W. Darling III is no longer a shareholder of the plaintiff, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 10, 2014, as denied that branch of its motion which was for leave to renew its opposition to those branches of the motion of the defendants Charles W. Darling III, Charlies Horse, Inc., and Rivers End, LLC, which were for summary judgment dismissing the 15th cause of action insofar as asserted against them as time-barred, and declaring that the defendant Charles W. Darling III remained a shareholder of the plaintiff, which had been granted in an order of the same court dated October 28, 2013.

Ordered that the appeal is dismissed as academic, with costs to the plaintiff, in light of our determination of the appeal from the order dated October 28, 2013 (*see North Coast Outfitters, Ltd. v Darling*, 134 AD3d 998 [2015] [decided herewith]). Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.

**█ MARIA PAPPAS,** Respondent, v **ANTHONY PAPPAS,** Appellant. [21 NYS3d 630]—Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated May 13, 2013. The order, insofar as appealed from, denied the defendant's motion to refer the plaintiff to the District Attorney on the basis of her alleged perjurious sworn testimony.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion to refer the plaintiff to the District Attorney based on her allegedly perjurious sworn testimony (*see Stow v Stow*, 262 AD2d 550, 551 [1999]; *Matter of Carroll v Gammerman*, 193 AD2d 202, 206 [1993]). Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.