■ NORTH COAST OUTFITTERS, LTD., Appellant, v CHARLES W. DARLING III et al., Respondents, et al., Defendant. [24 NYS3d 92]—

In an action, inter alia, to recover damages for breach of fiduciary duty and for a judgment declaring that the defendant Charles W. Darling III is no longer a shareholder of the plaintiff, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 28, 2013, as granted those branches of the motion of the defendants Charles W. Darling III, Charlies Horse, Inc., and Rivers End, LLC, which were for summary judgment dismissing the 15th cause of action insofar as asserted against them as time-barred, and declaring that the defendant Charles W. Darling III remained a shareholder of the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Charles W. Darling III, Charlies Horse, Inc., and Rivers End, LLC, which were for summary judgment dismissing the 15th cause of action insofar as asserted against them as time-barred, and declaring that the defendant Charles W. Darling III remained a shareholder of the plaintiff are denied.

The plaintiff North Coast Outfitters, Ltd. (hereinafter North Coast), commenced this action, inter alia, to recover damages against its majority shareholder and former president and chief executive officer, the defendant Charles W. Darling III. In the 15th cause of action, North Coast sought a declaration that Darling was no longer a shareholder. It alleged that Darling had failed to contribute to a 2003 "capital call," and that a

provision of an amended shareholders' agreement stated that a shareholder who fails to contribute his or her pro rata share to certain assessments may under some circumstances be required to offer his or her shares for sale to North Coast at "book value." North Coast asserted that Darling should therefore be deemed to have sold his shares to it for book value.

Darling, and the defendants Charlies Horse, Inc., and Rivers End, LLC (hereinafter collectively the defendants), moved, inter alia, for summary judgment dismissing the 15th cause of action insofar as asserted against them as time-barred, and declaring that Darling remained a shareholder of North Coast. North Coast opposed, arguing, inter alia, that the defendants should be precluded by the doctrine of equitable estoppel from asserting that the 15th cause of action was time-barred. The Supreme Court granted those branches of the motion, and North Coast appeals.

The doctrine of equitable estoppel will preclude a defendant from asserting the statute of limitations as a defense " 'where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding' " (*Zumpano v Quinn*, 6 NY3d 666, 673 [2006], quoting *General Stencils v Chiappa*, 18 NY2d 125, 128 [1966]). A plaintiff seeking to invoke the doctrine of equitable estoppel must "establish that subsequent and specific actions by defendants somehow kept [the plaintiff] from timely bringing suit" (*Zumpano v Quinn*, 6 NY3d at 674). "Equitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant" (*Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]). Where the defendant has a fiduciary duty to the plaintiff, the doctrine of equitable estoppel may be invoked based on the defendant's failure to disclose facts underlying the claim (*see Zumpano v Quinn*, 6 NY3d at 676; *Gleason v Spota*, 194 AD2d 764 [1993]).

Here, the evidence raised a triable issue of fact as to the applicability of the equitable estoppel doctrine in light of, inter alia, the disputed evidence as to the circumstances of the 2003 capital call (*see Tampa v Delacruz*, 77 AD3d 910, 911-912 [2010]; *Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc.*, 49 AD3d 1276, 1277-1278 [2008]). Further, on the merits, the defendants failed to eliminate all triable issues of fact regarding whether Darling failed to contribute to the capital call, triggering the provision

of the shareholders' agreement requiring him to sell his shares to North Coast.

Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the 15th cause of action insofar as asserted against them as time-barred, and declaring that Darling was no longer a shareholder of North Coast. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur. 