■ COLLINS BROTHERS MOVING CORPORATION et al., Appellants, v GREGG S. PIERLEONI et al., Defendants, and ANCHIN BLOCK & ANCHIN, LLP, et al., Respondents. [63 NYS3d 478]—

Appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated February 18, 2015. The order, insofar as appealed from, granted the motion of the defendants Anchin Block & Anchin, LLP, Phillip M. Ross, CPA, Christopher Kelly, CPA, Daniel Stieglitz, CPA, Vera Krupnick, CPA, Riz Ann F. Diva, CPA, Bridget Kralik, CPA, Amy Berger, CPA, and David Albrecht, CPA, pursuant to CPLR 7503 (a) to, inter alia, compel mediation and arbitration of the causes of action asserted against them, and to bar the plaintiffs "from alleging any cause of action in arbitration based upon any events that occurred prior to April 3, 2011," to the extent, inter alia, of compelling mediation and arbitration of the causes of action against those defendants and barring arbitration and mediation of such claims "arising before April 2011."

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Gregg S. Pierleoni was employed as the chief financial officer of the plaintiff Collins Brothers Moving Corporation (hereinafter Collins Moving) for a period of 25 years, ending with the termination of his employment in April 2013. Shortly after the termination, Pierleoni allegedly pleaded

guilty to embezzling more than $5.8 million from the plaintiffs Collins Moving, Collins Brothers Industries, Inc., Collins Brothers Worldwide, LLC, and Collins Brothers National Corp. (hereinafter collectively the corporate plaintiffs). The defendant Anchin Block & Anchin, LLP (hereinafter Anchin), provided accounting services for the corporate plaintiffs from approximately 1992 until October 2013. It is undisputed that Anchin and the corporate plaintiffs executed at least three engagement letters, dated January 26, 2011, June 7, 2012, and April 25, 2013, respectively (hereinafter the letter agreements), which were signed by the plaintiff Frank E. Webers, in his capacity as an officer of the corporate plaintiffs, and the defendant Phillip M. Ross, in his capacity as a partner of Anchin. The letter agreements provided for, among other things, "review[s]," rather than more rigorous "audit[s]."

On April 3, 2014, the plaintiffs commenced this action against Anchin, Phillip M. Ross, CPA, Christopher Kelly, CPA, Daniel Stieglitz, CPA, Vera Krupnick, CPA, Riz Ann F. Diva, CPA, Bridget Kralik, CPA, Amy Berger, CPA, and David Albrecht, CPA (hereinafter collectively the accounting defendants), among others, to recover damages for professional negligence, fraudulent concealment, aiding and abetting fraud, breach of fiduciary duty, breach of contract, violation of General Business Law § 349, and negligent misrepresentation. The accounting defendants moved pursuant to CPLR 7503 (a) to, inter alia, compel mediation and arbitration of the causes of action asserted against them, pursuant to an arbitration provision in the letter agreements, and to bar the plaintiffs from "alleging any cause of action in arbitration based upon any events that occurred prior to April 3, 2011." In opposition to the accounting defendants' motion, the plaintiffs argued, among other things, that the limitations period was tolled by the continuous representation doctrine. By order dated February 18, 2015, the Supreme Court, inter alia, granted the accounting defendants' motion, providing, among other things, that "any claims against the accounting defendants arising before April 2011 are barred from being heard in the mediation or arbitration." The plaintiffs appeal.

"Generally, under New York statutory and case law, a court may address three threshold questions on a motion to compel or to stay arbitration: (1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sought to be arbitrated would be time-barred if it were asserted in State court" (*Matter of Merrill Lynch, Pierce, Fenner & Smith v*

*Manhard*, 85 NY2d 193, 201-202 [1995]; *see* CPLR 7503 [b]; *Matter of Allstate Ins. Co. v Laldharry*, 130 AD3d 814, 815 [2015]; *Morales v American Apparel, Inc.*, 113 AD3d 659, 660 [2014]). In seeking to assert the statute of limitations as a bar to a claim, a moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired (*see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP*, 149 AD3d 788, 789 [2017]). If the moving defendant satisfies its burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see id.*; *Barry v Cadman Towers, Inc.*, 136 AD3d 951, 952 [2016]). A plaintiff may in some cases rely on the "continuous representation" doctrine to toll the statute of limitations (*see Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 194-196 [2009]). A prerequisite for the application of the continuous representation doctrine is that the relationship be continuous with respect to the matter in which the malpractice was alleged; a general professional relationship involving only routine contact is not sufficient (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 9-10 [2007]; *Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]; *Rodeo Family Enters., LLC v Matte*, 99 AD3d 781, 784 [2012]). More specifically, the continuous representation doctrine "applies only where there is 'a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim' " (*Rodeo Family Enters., LLC v Matte*, 99 AD3d at 784, quoting *McCoy v Feinman*, 99 NY2d 295, 306 [2002]).

Here, in opposition to the accounting defendants' motion to bar arbitration of claims that were untimely under the three-year limitations period provided in the letter agreements, the plaintiffs did not contend that the accounting defendants had failed to meet their prima facie burden. Instead, the plaintiffs relied entirely on the continuous representation doctrine. In so doing, the plaintiffs alleged, in conclusory fashion, that "[t]he parties mutually contemplated ongoing representation following each annual review," and that Anchin "had a continuing obligation to remedy defects in any consolidated financial statements." The plaintiffs also submitted an affidavit of Webers, in which he averred, without any specificity, that "[r]evisions of prior years['] financial statements were routinely performed." The plaintiffs' evidence failed to raise a question of fact as to whether the limitations period contained in the letter agreements was tolled by the continuous representation doctrine (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d at 9; *Cusimano v Schnurr*, 137 AD3d 527, 531 [2016]; *cf. Stein*

*Indus., Inc. v Certilman Balin Adler & Hyman, LLP*, 149 AD3d at 790; *Bronstein v Omega Constr. Group, Inc.*, 138 AD3d 906, 908 [2016]; *Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d at 196). Thus, the Supreme Court correctly determined that the continuous representation doctrine was inapplicable.

The accounting defendants failed, however, to submit any evidence that would have established which of the plaintiffs' causes of action were untimely. The letter agreements provided for a three-year limitations period, as follows: "No action, regardless of form, arising out of the services under this agreement may be brought by either of us more than three years after the date of the last services for the year in dispute provided under this agreement." Because the record before us does not establish the relevant "last services" dates, the determination of those dates and the consequent timeliness of the plaintiffs' various causes of action must be made in further proceedings.

The plaintiffs' remaining contention is improperly raised for the first time on appeal. Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.