Richard Huss, as Trustee of Huguenot Lodge #381 F. & A.M., Respondent,
against
Rucci Oil Company, Inc., Appellant.




Bonfiglio & Asterita, LLC (Steven D. Schwartzman, Esq.), for appellant.
Law Office of Nicholas M. Moccia (Nicholas M. Moccia, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Lizette Colon, J.), entered February 26, 2016. The order denied defendant's motion to dismiss the complaint as time-barred, pursuant to CPLR 3211 (a) (5), or based on documentary evidence, pursuant to CPLR 3211 (a) (1), or for failure to state a cause of action, pursuant to CPLR 3211 (a) (7).




ORDERED that the order is reversed, without costs, and defendant's motion to dismiss the complaint is granted.
On June 11, 2015, plaintiff Richard Huss, as Trustee of Huguenot Lodge #381 F. & A.M., commenced this action, alleging breach of contract and negligence based on defendant's failure to obtain the necessary permits in its installation of a fuel storage tank at plaintiff's premises. Defendant moved, pursuant to CPLR 3211 (a) (5), to dismiss the complaint as time-barred pursuant to CPLR 213 (2) for the breach of contract cause of action, and pursuant to CPLR 214 (4) for the negligence cause of action, both of which causes of action had allegedly accrued on December 19, 2008. In the alternative, defendant sought dismissal of the complaint based on documentary evidence, pursuant to CPLR 3211 (a) (1), or for failure to state a cause of action, pursuant to CPLR 3211 (a) (7). By order entered February 26, 2016, the Civil Court denied defendant's motion, finding, among other things, that plaintiff had raised the issue of whether the doctrine of equitable estoppel was applicable, which would constitute a toll of the [*2]limitations period for each cause of action, and "[a]lso [that] the actual accrual of the action has not been established" by defendant, which is required to warrant a dismissal of the complaint as time-barred. 
A defendant moving for dismissal on statute of limitations grounds bears the initial burden of establishing that the time in which to commence the action has expired (see Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016, 1016-1017 [2015]; Baptiste v Harding-Marin, 88 AD3d 752, 753 [2011]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (see Williams-Guillaume v Bank of Am., N.A., 130 AD3d at 1016-1017; Baptiste v Harding-Marin, 88 AD3d at 753). A cause of action alleging breach of contract must be commenced within six years of the breach of the agreement (see CPLR 213 [2]; Barnard Coll. v Tishman Constr. Corp. of NY, 261 AD2d 193 [1999]; Benson v Boston Old Colony Ins. Co., 134 AD2d 214, 215 [1987]; Varga v Credit-Suisse, 5 AD2d 289, 292 [1958], affd 5 NY2d 865 [1958]). A cause of action alleging negligence must be commenced within three years from the time the wrong or injury has arisen even though the injured party may be ignorant of the existence of the injury (see CPLR 214 [4]; Varga v Credit-Suisse, 5 AD2d at 292-293, affd 5 NY2d 865). Here, both causes of action accrued, if at all, on December 19, 2008, the date on which defendant installed the fuel tank. Both causes of action allegedly arose as a result of defendant's failure, pursuant to the agreement, to obtain the necessary permits for the installation of the fuel tank. Consequently, defendant satisfied its initial burden of establishing that the action had been commenced beyond six years after the accrual of the causes of action and, thus, is subject to dismissal as time-barred. 
The doctrine of equitable estoppel will generally preclude a defendant from asserting the statute of limitations as a defense where it is a defendant's wrongdoing which produced the delay between the accrual of the cause of action and the commencement of the action (see Zumpano v Quinn, 6 NY3d 666, 673 [2006]; North Coast Outfitters, Ltd. v Darling, 134 AD3d 998, 999 [2015]). A plaintiff seeking to invoke the doctrine of equitable estoppel must establish that a subsequent specific action by the defendant induced the plaintiff to delay timely bringing suit due to the plaintiff's reasonable reliance on the defendant's misrepresentation (see Zumpano v Quinn, 6 NY3d at 674; North Coast Outfitters, Ltd. v Darling, 134 AD3d at 999).
In October 2009, Huguenot Lodge was issued the first of three violations for its failure to obtain the necessary permits for the installation of the fuel storage tank in December 2008. It is undisputed that plaintiff was then made aware of defendant's failure to obtain the proper permits, which permits were allegedly required by the contract between plaintiff and defendant, and it is also undisputed that soon thereafter defendant's service manager informed plaintiff that defendant would take care of that violation. By alleging defendant's service manager's assurance, it can be inferred that plaintiff was invoking the doctrine of equitable estoppel as a basis for precluding defendant from asserting the statute of limitations as a defense (see North Coast Outfitters, Ltd. v Darling, 134 AD3d at 999). Indeed, plaintiff further alleged that he was unaware that defendant had not cured the violation until a subsequent violation had been issued in July 2013 and therefore delayed commencing the instant action. 
However, equitable estoppel will not toll a limitations statute where a plaintiff possesses timely knowledge sufficient to place a plaintiff under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable statute of limitations (see Gleason v Spota, [*3]194 AD2d 764, 765 [1993]; McIvor v Di Benedetto, 121 AD2d 519, 520 [1986]; Augstein v Levey, 3 AD2d 595, 598 [1957]). Due diligence on the part of a plaintiff in commencing an action is an essential element when the plaintiff seeks the shelter of the doctrine of equitable estoppel (see Simcuski v Saeli, 44 NY2d 442, 450 [1978]; Ross v Louise Wise Servs., Inc., 28 AD3d 272 [2006]). Where the doctrine of equitable estoppel applies, the burden is on the plaintiff to establish that due diligence was exercised in commencing an action within a reasonable time after the facts giving rise to the estoppel ceased to be operational (see Simcuski v Saeli, 44 NY2d at 450; Marshall v Duryea, 172 AD2d 726 [1991]; Curcio v Ippolito, 97 AD2d 497, 497-498 [1983]). "Generally, [a] plaintiff will not be deemed to have exercised due diligence if such an action is deferred beyond the length of the statutory period" (Curcio v Ippolito, 97 AD2d at 498; see Simcuski v Saeli, 44 NY2d at 450-451). Here, we need not determine whether the assurance by defendant's service manager that defendant would "take care" of the violation was sufficient to give rise to an equitable estoppel since, in any event, plaintiff did not demonstrate the necessary due diligence. Plaintiff could have easily commenced an action within the more than three-and-one-half years remaining on the six-year statute of limitations on the breach of contract cause of action, and the four months remaining on the three-year statute of limitations on the negligence cause of action, since the issuance of a second violation in mid-August 2011, for failure to obtain the necessary permits, provided plaintiff with timely knowledge of defendant's failure to cure the violation prior to the expiration of either of the applicable statutes of limitations. Consequently, defendant's motion to dismiss the complaint as time-barred should have been granted.
In any event, the negligence cause of action must be dismissed pursuant to CPLR 3211 (a) (7) because assertions of negligence arising from a breach of contract claim, as here, cannot be maintained where the allegations are incidental to the plaintiff's complaint for breach of contract (see Cabrini Med. Ctr. v Desina, 64 NY2d 1059, 1061-1062 [1985]; Middle Country Cent. School Dist. v O'Healy Constr. Corp., 230 AD2d 777, 778 [1996]).
In light of the foregoing, we need not reach defendant's remaining contentions.
Accordingly, the order is reversed and defendant's motion to dismiss the complaint is granted.
SOLOMON, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017