Garron v Bristol House, Inc. (2018 NY Slip Op 04533)





Garron v Bristol House, Inc.


2018 NY Slip Op 04533


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10679
 (Index No. 54992/16)

[*1]Robert Garron, appellant, 
v
Bristol House, Inc., et al., respondents, et al., defendants.


James G. Dibbini & Associates, P.C., Yonkers, NY (Matthew Russo of counsel), for appellant.
Alan B. Brill, P.C., Suffern, NY (Sheila S. Rosenrauch of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated October 5, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants Bristol House, Inc., Garthchester Realty, Ltd., and RMR Residential Realty, LLC, which were pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging breach of contract and breach of the implied warranty of habitability insofar as asserted against the defendant Bristol House, Inc., as time-barred.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Bristol House, Inc., Garthchester Realty, Ltd., and RMR Residential Realty, LLC, which were to dismiss as time-barred so much of the causes of action alleging breach of contract and breach of the implied warranty of habitability insofar as asserted against the defendant Bristol House, Inc., as accrued after April 15, 2010, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, the owner of a residential cooperative apartment at the defendant Bristol House, Inc., alleges that renovations that occurred in November 2004 in the unit directly below his unit caused cracks and other structural damage to the walls and floor of his unit, which persist and have not been remedied. On April 15, 2016, the plaintiff commenced this action to recover damages against, among others, the defendants Bristol House, Inc., Garthchester Realty, Ltd., and RMR Residential Realty, LLC (hereinafter collectively the defendants), alleging, inter alia, causes of action sounding in breach of contract for failure to keep the building in "good repair" as required by the proprietary lease, and breach of the implied warranty of habitability.
The defendants moved, inter alia, to dismiss the causes of action sounding in breach of contract and breach of the implied warranty of habitability insofar as asserted against them as time-barred. The plaintiff opposed the motion, arguing that the defendants had a continuing duty to remedy the damage to the building, and that the causes of action were, therefore, tolled pursuant [*2]to the continuing wrong doctrine. The Supreme Court granted those branches of the defendants' motion, holding that the continuing wrong doctrine was not applicable. The plaintiff appeals, as limited by his brief, from so much of the order as granted those branches of the defendants' motion which were to dismiss, as time-barred, the causes of action sounding in breach of contract and breach of the implied warranty of habitability insofar as asserted against Bristol House, Inc.
"In seeking to assert the statute of limitations as a bar to a claim, a moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Collins Bros. Moving Corp. v Pierleoni, 155 AD3d 601, 603; see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789). Here, the defendants established, prima facie, that the alleged damage occurred when the renovations were performed in November 2004, and that the commencement of this action on April 15, 2016, was beyond the six-year statute of limitations applicable to causes of action for breach of contract or breach of the implied warranty of habitability (see CPLR 213[2]; Roman v Emigrant Sav. Bank-Brooklyn/Queens, 111 AD3d 692, 694; Witherbee Ct. Assoc. v Greene, 7 AD3d 699, 701). Accordingly, the burden shifted to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (see Collins Bros. Moving Corp. v Pierleoni, 155 AD3d at 603; Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789).
In opposition to the motion, the plaintiff raised a question of fact as to whether the continuing wrong doctrine rendered a portion of the subject causes of action timely. The continuing wrong doctrine "is usually employed where there is a series of continuing wrongs and serves to toll the running of a period of limitations to the date of the commission of the last wrongful act" (Selkirk v State of New York, 249 AD2d 818, 819; see Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 800, 802). "In contract actions, the doctrine is applied to extend the statute of limitations when the contract imposes a continuing duty on the breaching party" (Henry v Bank of Am., 147 AD3d 599, 601). Here, the plaintiff alleged that the damage to his unit persisted and had not been repaired, and that such breach constituted a continuing breach of the defendants' contractual duty to keep the building in good repair and to provide habitable premises (see Kaymakcian v Board of Mgrs. of Charles House Condominium, 49 AD3d 407; Measom v Greenwich & Perry St. Hous. Corp., 42 AD3d 366; 1050 Tenants Corp. v Lapidus, 289 AD2d 145). However, where, as here, the sole remedy sought for the alleged continuing contractual breaches is monetary damages, the plaintiff's recovery must be limited to damages incurred within the six years prior to commencement of the action (see Kaymakcian v Board of Mgrs. of Charles House Condominium, 49 AD3d at 407-408; see also Bulova Watch Co. v Celotex Corp., 46 NY2d 606, 611-612; Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1228).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were to dismiss the causes of action sounding in breach of contract and breach of the implied warranty of habitability insofar as asserted against Bristol House, Inc., with respect to damages incurred within six years of commencement of the action, i.e., those claims that accrued after April 15, 2010.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court