Jacobson Dev. Group, LLC v Yews, Inc. (2019 NY Slip Op 05964)





Jacobson Dev. Group, LLC v Yews, Inc.


2019 NY Slip Op 05964


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-02586
 (Index No. 605931/17)

[*1]Jacobson Development Group, LLC, respondent,
v
Yews, Inc., et al., appellants, et al., defendants.


Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for appellants.
Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Joseph P. Sacco and David I. Rosenberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Yews, Inc., Gary Grossman, and Sandra Kessler appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered February 14, 2018. The order denied those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Yews, Inc., Gary Grossman, and Sandra Kessler pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to cancel the notice of pendency is granted.
On June 21, 2017, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Nassau County. The complaint alleged that, on or about May 12, 2006, the defendant Yews, Inc. (hereinafter Yews), by its president, Irving Grossman, executed a note and mortgage agreement in favor of the plaintiff to secure a loan in the principal sum of $350,000. In the mortgage agreement, Yews warranted that it held title to the subject property. The complaint alleged that Irving Grossman, who is now deceased, and the defendant Gary Grossman were the shareholders and principals of Yews at the time the note and mortgage agreement were executed. The complaint alleged that, despite warranting that it was the owner at the time the mortgage was given, Yews was not in fact the record owner of the premises at the time the note and mortgage agreement were executed.
Yews, Gary Grossman, and the defendant Sandra Kessler (hereinafter collectively the defendants) moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred and to cancel a notice of pendency filed by the plaintiff. The defendants submitted a copy of the mortgage agreement, dated May 12, 2006, which provided that the sum of $350,000 was to be paid 60 days from the date of execution. The defendants argued that the statute of limitations expired no later than July 11, 2012, 6 years and 60 days after the mortgage was executed.
In opposition, the plaintiff argued, inter alia, that the motion should be denied on the [*2]basis of fraud committed by various persons associated with Yews. The plaintiff argued that various documents, which were the subject of other Supreme Court actions, had been fraudulently executed by a person named Brian Grossman in the name of Gary Grossman.
The Supreme Court denied the motion, citing the "purportedly fraudulent circumstances surrounding the identity of [the] defendant Gary' Grossman." The defendants appeal. We reverse.
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). Here, the defendants established, prima facie, that the six-year statute of limitations had expired prior to the commencement of this action. Accordingly, the burden shifted "to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Collins Bros. Moving Corp. v Pierleoni, 155 AD3d 601, 603; see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789).
"The doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense" (Zumpano v Quinn, 6 NY3d 666, 673). Thus, the defense of the statute of limitations may be barred " where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding'" (id., quoting General Stencils v Chiappa, 18 NY2d 125, 128; see North Coast Outfitters, Ltd. v Darling, 134 AD3d 998, 999). "[E]quitable estoppel will apply where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action'" (Zumpano v Quinn, 6 NY3d at 674, quoting Simcuski v Saeli, 44 NY2d 442, 449). "Moreover, the plaintiff must demonstrate reasonable reliance on the defendant's misrepresentations" (Zumpano v Quinn, 6 NY3d at 674; see Simcuski v Saeli, 44 NY2d at 449).
Here, the plaintiff failed to raise a question of fact as to whether any purported fraudulent activity affirmatively induced it to refrain from commencing this action until the statute of limitations had expired. It is insufficient to merely allege that the defendants were in some way connected to a fraudulent scheme. Rather, a "plaintiff seeking to invoke the doctrine of equitable estoppel must establish that subsequent and specific actions by defendants somehow kept [the plaintiff] from timely bringing suit'" (North Coast Outfitters, Ltd. v Darling, 134 AD3d at 999, quoting Zumpano v Quinn, 6 NY3d at 674).
Accordingly, the defendants' motion should have been granted.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court