Matter of Jefferson County (Jefferson County Local of the Civ. Serv. Empls. Assn., Inc.) (2019 NY Slip Op 06298)





Matter of Jefferson County (Jefferson County Local of the Civ. Serv. Empls. Assn., Inc.)


2019 NY Slip Op 06298


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


591 CA 19-00098

[*1]JEFFERSON COUNTY, PETITIONER-APPELLANT, AND JEFFERSON COUNTY LOCAL OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., RESPONDENT-RESPONDENT. 






DAVID J. PAULSEN, COUNTY ATTORNEY, WATERTOWN (JOHN L. SABIK OF COUNSEL), FOR PETITIONER-APPELLANT.
DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (JEREMY GINSBURG OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered July 10, 2018 in a proceeding pursuant to CPLR article 75. The order, inter alia, denied the application for a permanent stay of arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to CPLR article 75, petitioner appeals from an order that denied its application to permanently stay arbitration and granted the cross motion of respondent, a labor organization that represents employees of petitioner, to compel arbitration. We affirm.
The Court of Appeals recognizes a two-step process for a court to determine when a particular public sector grievance is subject to arbitration (see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138 [1999] [Watertown]). "We first ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278 [2002] [Johnstown]; see Matter of Onondaga-Cortland-Madison Bd. of Coop. Educ. Servs. [Onondaga-Cortland-Madison BOCES Fedn. of Teachers], 136 AD3d 1289, 1290 [4th Dept 2016]). "[W]e then examine the [collective bargaining agreement (CBA)] to determine if the parties have agreed to arbitrate the dispute at issue" (Johnstown, 99 NY2d at 278; see Onondaga-Cortland-Madison Bd. of Coop. Educ. Servs., 136 AD3d at 1290).
Here, respondent filed demands for arbitration on behalf of eight of its members, each of whom had filed a grievance claiming that he or she had been required to work an 11:15 a.m. to 7:15 p.m. shift on either January 18 or 25, 2018 in violation of the parties' CBA. Petitioner does not dispute that there is no statutory, constitutional or public policy impediment to arbitration, and therefore our analysis is limited to the second step (see Matter of County of Herkimer v Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, 124 AD3d 1370, 1371 [4th Dept 2015] [Herkimer]).
The relevant CBA provides that, "[i]n the event the grievance is not resolved after the final step in the grievance procedure described above, [respondent] or [petitioner] may submit to arbitration in accordance with the procedure listed below within ten (10) days of the close of the Stage Three review." A grievance is defined as "any claimed violation, misinterpretation, or inequitable application of the terms and conditions of this contract." That type of broad [*2]arbitration clause encompasses matters where there exists a reasonable relationship between the CBA and the matter to be arbitrated (see Johnstown, 99 NY2d at 277 n 2; Matter of Lewis County [CSEA Local 1000, AFSCME, AFL-CIO, Lewis County Sheriff's Empls. Unit #7250-03, Lewis County Local 825], 153 AD3d 1575, 1576-1577 [4th Dept 2017]; Matter of Cortland County [CSEA, Inc., Local 1000 AFSCME, AFL-CIO], 140 AD3d 1344, 1345 [3d Dept 2016]). Here, the CBA includes terms and conditions of employment, including a provision that "[o]ffice hours for [petitioner's o]ffices, other than the Sheriff's Department, Highway Department, selected Buildings Department employees, and the County Home, shall be from 8:00 a.m. to 5:00 p.m. Monday through Friday." Thus, a reasonable relationship exists between the subject matter of the grievances and the general subject matter of the CBA, and the matter is arbitrable (see Watertown, 93 NY2d at 143; Herkimer, 124 AD3d at 1371).
We reject petitioner's contention that there is no valid agreement to arbitrate because the grievants' claims pertain to a 1995 Memorandum of Agreement (MOA) between the parties and not the CBA. Unlike the cases on which petitioner relies, here the grievants have alleged a violation of the CBA and not the separate MOA (cf. Matter of Niagara Frontier Transp. Auth., 275 AD2d 894, 894 [4th Dept 2000]; see also Matter of Sherwood [Kirkpatrick], 108 AD3d 979, 981 [3d Dept 2013]). Thus, whether there is merit to petitioner's contention that there is no violation of the CBA because the MOA remains enforceable and permits the 11:15 a.m. to 7:15 p.m. shift is an issue for arbitration (see generally Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.], 115 AD3d 1340, 1340 [4th Dept 2014]).
Contrary to petitioner's further contention, the record does not establish that arbitration is barred by CPLR 7502 (b). That section provides, in relevant part, that "[i]f, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration" (CPLR 7502 [b]; see Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 201-202 [1995], rearg denied 85 NY2d 1033 [1995], cert denied 516 US 811 [1995]). We reject petitioner's contention that the six-year statute of limitations applicable to a breach of contract action has expired because the claims sought to be arbitrated here accrued in 1995 with the execution of the MOA. Initially, respondent has never asserted that the MOA itself violated the CBA; instead, it disputes only the continued validity of the MOA following the parties' enactment of a new CBA. In addition, petitioner submitted no evidence that the individual grievants had worked a nonconforming shift prior to the January 2018 dates grieved, much less evidence that those grievants were working such shifts more than six years prior to the April 4, 2018 demand for arbitration. Petitioner therefore failed to meet its "initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Collins Bros. Moving Corp. v Pierleoni, 155 AD3d 601, 603 [2d Dept 2017]).
Finally, contrary to petitioner's contention, the CBA does not contain an express provision requiring strict compliance with the contractual grievance procedures as a condition precedent to arbitration (cf. Matter of Niagara Frontier Transp. Auth. v Computer Sciences Corp., 179 AD2d 1037, 1038 [4th Dept 1992]). Instead, the CBA provides that the arbitrator will consider whether grievance "procedures have not been followed" in determining whether to deny the grievance. Thus, respondent's compliance with the CBA's grievance procedures is a matter for the arbitrator to determine (see Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Pub. School Teachers Assn.], 35 NY2d 599, 607 [1974]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court