Matter of Hollis (2020 NY Slip Op 00860)





Matter of Hollis


2020 NY Slip Op 00860


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-05699

[*1]In the Matter of Paul James Hollis, etc., deceased. Bernadette Hollis, appellant; Peter H. Hollis, etc., respondent. (File No. 388858/16)


Ezra Huber & Associates, P.C., Carle Place, NY, for appellant.
Soffey & Soffey, LLC, Garden City, NY (Joseph E. Soffey of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Bernadette Hollis petitioned pursuant to SCPA 1809 to determine the validity of a claim against the estate of Paul James Hollis, Bernandette Hollis appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated February 27, 2018. The order, insofar as appealed from, denied the motion of Bernadette Hollis, in effect, for summary judgment disallowing so much of the claim as represented money borrowed by Paul James Hollis from Jean M. Hollis between April 2005 and January 2008.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of Bernandette Hollis, in effect, for summary judgment disallowing so much of the claim as represented money borrowed by Paul James Hollis from Jean M. Hollis between April 2005 and January 2008 is granted.
Jean M. Hollis (hereinafter Jean) died in October 2015, and was survived by six children. Jean's will, which was admitted to probate in February 2016, provided that "[i]n the event that any of my surviving children shall be indebted to me at the time of my demise, . . . then such indebtedness shall be deducted from any bequest made to said children." In January 2016, Paul James Hollis (hereinafter the decedent), one of Jean's children, died, and his wife, Bernadette Hollis (hereinafter Bernadette), was appointed administrator of his estate. In September 2016, the respondent Peter H. Hollis (hereinafter Peter), as an executor of Jean's estate, filed a notice of claim against the decedent's estate alleging that it was indebted to Jean's estate in the sum of $147,265.35, representing the sum of $146,765.35 borrowed by the decedent from Jean between April 2005 and January 2008, and an additional loan made by Jean to the decedent in December 2011 in the sum of $500.
In April 2017, Bernadette, as administrator of the decedent's estate, petitioned to determine the validity of Peter's claim. Thereafter, Bernadette moved, in effect, for summary judgment disallowing so much of Peter's claim as represented money purportedly borrowed by the decedent between April 2005 and January 2008 on the ground that recovery was barred by the six-year statute of limitations (see CPLR 213). In an order dated February 27, 2018, the Surrogate's [*2]Court, inter alia, denied Bernadette's motion, concluding that an email sent by the decedent to Peter and their brother William Hollis, dated December 4, 2015 (hereinafter the subject email), constituted a written acknowledgment of the debt sufficient to reset the statute of limitations pursuant to General Obligations Law § 17-101. Bernadette appeals.
"General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 733 [internal quotation marks omitted]; see Nelux Holdings Intl., N.V. v Dweck, 160 AD3d 520, 521). To constitute an acknowledgment of a debt, a writing "must recognize [the] existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Pugni v Giannini, 163 AD3d 1018, 1019-1020 [internal quotation marks omitted]). "Whether a purported acknowledgment is sufficient to restart the running of a period of limitations depends on the circumstances of the individual case" (Fade v Pugliani/Fade, 8 AD3d 612, 613 [internal quotation marks omitted]).
Here, Bernadette demonstrated, prima facie, that so much of Peter's claim as was based on the decedent's alleged indebtedness incurred between April 2005 and January 2008 was barred by the applicable six-year statute of limitations (see CPLR 213[2]). In opposition, Peter was required to raise a triable issue of fact as to whether the statute of limitations was tolled or revived (see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947; Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d 886, 887-888).
We disagree with the determination of the Surrogate's Court that the subject email constituted an unqualified acknowledgment of the debt sufficient to reset the running of the statute of limitations (see Bank of N.Y. Mellon v Bissessar, 172 AD3d 983, 985; Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947-948). The subject email arguably acknowledged that the decedent owed a pre-existing debt to Jean, inasmuch as it stated that he had been "informed" by his sister, Jeanine Hollis, that "[he] owe[s] around $140,000 to Mom." Although the subject email initially stated that "I have every intention of paying this debt," it then went on to state that "there are some mitigating circumstances that I would like to note sometime in the near future." In an email sent the next day, the decedent stated "I just want the process to be fair and not arbitrary." Since the subject email contained language inconsistent with an intention on the part of the decedent to pay the alleged debt, the court erred in concluding that the subject email renewed the statute of limitations pursuant to General Obligations Law § 17-101 (see Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d at 888; Hakim v Peckel Family Ltd. Partnership, 280 AD2d 645, 645; Flynn v Flynn, 175 AD2d 51, 52; cf. Scrofani v Fred-Rick Holding Corp., 201 AD2d 639, 639-640). Thus, Peter failed to raise a triable issue of fact in opposition to Bernadette's motion.
Accordingly, the Surrogate's Court should have granted Bernadette's motion, in effect, for summary judgment disallowing so much of Peter's claim as was based on the decedent's alleged indebtedness incurred between April 2005 and January 2008.
In light of our determination, we need not reach Bernadette's remaining contention.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court